STATE *Ex Rel.* JAMES EDWARD PETTERY

*v.*

OTTO C. BOLES, *Warden,* W. VA. PENITENTIARY

(No. 12425)

Submitted March 2, 1965.          Decided March 23, 1965.

*Amos C. Wilson,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

Upon application of the petitioner, James Edward Pettery, this Court granted a writ of habeas corpus ad subjiciendum on February 1, 1965, returnable March 2, 1965, and appointed counsel to represent the petitioner before this Court. The petition alleges that petitioner, on November 3, 1953, was sentenced to a term of one to ten years in the penitentiary, plus an additional five years for a previous felony conviction, in the Circuit Court of Logan County, when he was without the assistance of counsel. Filed as an exhibit with the petition is a copy of the order of the Circuit Court of Logan County of November 3, 1953, which order is silent upon the question of counsel.

Pursuant to the writ, the respondent appeared by counsel and made his return admitting that the record is silent as to whether petitioner was advised of his right to the assistance of counsel, and, if so, whether he intelligently waived such right. Appended to the return are certified copies of

the orders of the Circuit Court of Logan County entered September 18, 1953 and November 3, 1953, respectively, relating to petitioner's plea of guilty to the principal offense and his subsequent admission that he was the same person named in an information filed with the court setting forth a previous felony conviction, both of which orders are silent upon the question of counsel. No further evidence was offered by either party and the case was argued and submitted upon the pleadings and exhibits. The trial court's orders being silent as to the matter of counsel and the assertion of the verified petition that petitioner was without counsel at the time he entered his plea of guilty to the principal offense being undisputed, this case is thus indistinguishable from and controlled by the recent decision of this Court in the case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, wherein it was held that the right to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by the failure of an accused to request counsel, by the entry of a guilty plea or by reason of a record silent on the matter of counsel, and that a conviction thus obtained in the absence of counsel, or of an affirmative showing of an intelligent waiver thereof, is void. *State ex rel. John B. Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624, and cases cited therein.

The conviction for the principal offense being void, the pertinent provisions of the recidivist statute of this state, Code, 61-11-18, 19, as amended, do not apply and we need not consider the additional five years imposed upon petitioner by reason thereof, also, as the record shows, without the assistance of counsel. However, in this regard, see: *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70; *United States ex rel. Durocher* v. *LaVallee,* 330 F. 2d 303 (2nd Cir. 1964), cert. denied 377 U. S. 998, 84 S. Ct. 1921, 12 L. Ed. 2d 1048.

We therefore hold that the sentence under which petitioner is now imprisoned is void and the petitioner is entitled to his release upon the writ of habeas corpus heretofore awarded.

*Prisoner discharged.*