STATE *Ex Rel.* WALTER BLANKENSHIP

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12424)

Submitted March 2, 1965.       Decided March 23, 1965.

*Amos C. Wilson,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

The petitioner, Walter Blankenship, invoked the original jurisdiction of this Court in this habeas corpus proceeding. The writ prayed for was granted on February 1, 1965, returnable on March 2, 1965, at which time the matter was submitted for decision upon brief and argument on behalf of the petitioner and the return of the defendant.

The petitioner was indicted on January 10, 1955 by the Grand Jury of Logan County, West Virginia, for the crime of breaking and entering. On January 14, 1955, he appeared before the Circuit Court of Logan County, West Virginia and pleaded guilty to the charge contained in the indict-

ment and was remanded to jail. On February 21, 1955, an information was filed alleging former convictions and on the same day the petitioner was sentenced to life imprisonment in the West Virginia State Penitentiary. The orders of arraignment and sentence are silent as to the appointment or assistance of counsel.

This case is controlled and governed by the recent case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, (decided December 8, 1964), in which it was held that the right to the assistance of counsel is a fundamental right specifically provided for in both Federal and State Constitutions and if it does not affirmatively appear from the record that the accused was fully advised by the trial court of his right to the assistance of counsel any conviction in such case is void.

The fourth point of the syllabus in the *May* case reads as follows:

> "The general rule which presumes the regularity of court proceedings is subject to the qualification that, where the record is silent on the question, it can not be presumed that the accused waived his right to the assistance of counsel."

The record being silent with regard to the appointment and assistance of counsel, the entire sentence is void because the part of the sentence based on the recidivist statute rests on the validity of the conviction on the main offense. *State ex rel. Ashworth* v. *Boles,* 148 W. Va. 13, 132 S. E. 2d 634.

For the reasons stated herein, the petitioner should be released from confinement in the penitentiary and he is therefore forthwith discharged from the custody of the defendant.

*Prisoner discharged.*