STATE *ex rel.* OBREY REED

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12453)

Submitted May 18, 1965.     Decided June 15, 1965.

*Timothy N. Barber,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

The petitioner, Obrey Reed, invoking the original jurisdiction of this Court, filed herein his petition for a writ of habeas corpus ad subjiciendum. The writ was granted, returnable May 18, 1965, and counsel was appointed to represent the petitioner in this proceeding. On the return day the defendant, pursuant to the writ issued by this Court, produced the petitioner and filed his return with certain exhibits attached thereto. The case was thereupon submitted for decision upon the petition, the return and exhibits, the brief of the petitioner and upon arguments of counsel.

It appears from the pleadings that during the June Term, 1960, the petitioner was indicted by the grand jury of the Intermediate Court of Kanawha County for the crime of grand larceny; that on June 24, 1960, counsel was appointed to assist him in the defense of that charge; that upon arraignment, on August 3, 1960, the petitioner entered a plea of not guilty to the charge set out in the indictment; that thereupon a jury was empaneled and the petitioner was afforded a trial; and that at the conclusion of the trial

the jury returned a verdict finding the petitioner, Reed, guilty as charged in the indictment.

Subsequently, at the same term of court and prior to the imposition of sentence, the Prosecuting Attorney for Kanawha County presented information to the court of two prior felony convictions of the petitioner. Inasmuch as Reed was a fugitive from justice at that time, the court ordered that further proceedings on the information be continued until the prisoner was apprehended. The petitioner having been returned to custody, the court, on December 15, 1961, appointed counsel to represent him in relation to the information. The petitioner entered a plea of not guilty to the information but later acknowledged that he was the same person as that named therein. He was thereupon sentenced by the court to life imprisonment as a recidivist. The prior convictions set out in the information were in 1953 in Kanawha County for grand larceny and for a like offense in 1955 in Jackson County, West Virginia.

The petitioner contends that the sentence of life imprisonment, under which he is now serving, is void for the reason that he was denied the assistance of counsel when he was convicted in Jackson County in 1955, and that such conviction can not constitute a basis for the imposition of a life sentence under the provisions of Code, 1931, 61-11-18 and 19, as amended. No complaint was registered in relation to the principal offense or to the conviction in 1953. It is readily admitted by the defendant that the record of the 1955 conviction is silent regarding the assistance of counsel.

The instant case is controlled by the recent decisions of this Court in the cases of *State ex rel. Hall* v. *Boles,* 149 W. Va. 527, 142 S. E. 2d 377; *State ex rel. Lovejoy* v. *Boles,* 149 W. Va. 532, 142 S. E. 2d 374; and *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70. In the *Whytsell* case the Court said in its syllabus: "1. The denial of the fundamental right of the defendant to the assistance of counsel in a criminal proceeding applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute, and such conviction and any sentence

of imprisonment imposed upon it, being null and void because of such denial, cannot justify or support the imposition of any additional punishment under such statute. 2. To justify the imposition, under the recidivist statute of this State, of a sentence in excess of the sentence provided for the principal offense, the previous conviction and sentence must be a valid conviction and sentence; and if such previous conviction and sentence are void they will not constitute the basis for the imposition of the punishment provided by such statute and, in that situation, such statute will be deemed to be wholly inapplicable."

In this proceeding it is undisputed that the petitioner did not have the assistance of counsel when he was convicted of a felony in 1955 in Jackson County, West Virginia. Furthermore, the record of that proceeding is silent as to the matter of counsel. "The right to the assistance of counsel, being a fundamental right, will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel." Point 3, Syllabus, *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177. In these circumstances the 1955 conviction must be declared null and void and, in accordance with the above cited cases, can not serve as a basis for the imposition of punishment under our recidivist statute. The sentence of life imprisonment heretofore imposed upon this petitioner is therefore null and void and of no force and effect. However, the petitioner is in the custody of the defendant under a valid conviction and sentence for the principal offense. Also, the 1953 conviction set out in the information was valid. Therefore, the petitioner will not be released from custody but will be required to serve the sentence provided by the statute for the principal offense plus an additional five years for one previous felony conviction as provided in Code, 1931, 61-11-18, as amended. *State ex rel. Bryan* v. *Boles,* 149 W. Va. 359, 141 S. E. 2d 81.

It is well settled in this jurisdiction that a judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be

prevented in a habeas corpus proceeding. *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70; *State ex rel. Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624; *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851.

We therefore hold that the petitioner is hereby relieved of the invalid life sentence heretofore imposed, but that he is serving a valid sentence of one to ten years for the principal offense plus five years for one previous felony conviction. The prisoner will be remanded to the custody of the defendant until he has served such valid sentence.

*Prisoner remanded.*