STATE *ex rel.* ARTHUR F. CARVER

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12443)

Submitted May 18, 1965.  Decided June 15, 1965.

*Harry E. Moats,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

Upon the petition of Arthur F. Carver, the petitioner herein, this Court granted a writ of habeas corpus ad subjiciendum returnable May 18, 1965, and appointed counsel

to represent him in this proceeding. Pursuant to the writ, the defendant, on the return day, produced the petitioner and filed his return to said writ. Thereupon this case was submitted for decision upon the petition and affidavit of the petitioner, the return of the defendant and upon the brief filed and argument made on behalf of the petitioner.

On October 6, 1959, Arthur F. Carver was indicted by the grand jury of the Circuit Court of Ritchie County for the crime of grand larceny. Upon trial therefor the jury returned a verdict finding him guilty as charged in the indictment. Thereafter, during the same term of court and prior to the imposition of sentence, the prosecuting attorney filed an information relating to the court that the petitioner had twice before been convicted of felonies, one in Jackson County, West Virginia on April 8, 1944, and the other in said Jackson County on April 3, 1951. The petitioner admitted the two former convictions and was thereupon sentenced to life imprisonment as a recidivist.

In this proceeding the petitioner contends that the life sentence heretofore imposed upon him is void for the reason that he did not have the assistance of counsel, nor did he waive such assistance when he was convicted in 1944 in Jackson County. His allegation in relation to counsel at the 1944 proceeding is not disputed by the defendant and is supported by a certified copy of the order wherein he entered a plea of guilty and was sentenced. Furthermore, this allegation is supported by the affidavit of the petitioner filed in this proceeding.

It is now well established that the denial of the fundamental right of the defendant to the assistance of counsel in a criminal proceeding applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute, and that such conviction and any sentence of imprisonment imposed upon it, being null and void because of such denial, can not justify or support the imposition of any additional punishment under such statute. *State ex rel. Reed v. Boles,* 149 W. Va. 557, 142 S. E. 2d 733; *State ex rel. Hall v. Boles,* 149 W. Va. 527, 142 S. E.

2d 377; *State ex rel. Lovejoy* v. *Boles,* 149 W. Va. 532, 142 S. E. 2d 374; *State ex rel. Bryan* v. *Boles,* 149 W. Va. 359, 141 S. E. 2d 81; *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70. The instant case is indistinguishable from and is controlled by the above cited cases.

A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding. *State ex rel. Reed* v. *Boles,* 149 W. Va. 557, 142 S. E. 2d 733; *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70; *State ex rel. Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624; *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851.

In view of the foregoing, the petitioner is hereby relieved of the invalid life sentence heretofore imposed. However, he is serving a valid sentence of one to ten years for the principal offense, plus five years for one previous felony conviction, and will be remanded to the custody of the defendant until he has served such valid sentence.

*Prisoner remanded.*