STATE *Ex Rel.* HARRY W. HILL

*v.*

OTTO C. BOLES, *Warden, Etc.*

(No. 12490)

Submitted July 20, 1965.          Decided July 27, 1965.

*Rex Burford*, for relator.

*C. Donald Robertson*, Attorney General, *George H. Mitchell*, Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

In this original proceeding in habeas corpus, the relator, Harry W. Hill, alleges in his petition, as amended by permission of the Court, that, on February 20, 1952, he entered his plea of guilty to an indictment pending in the Intermediate Court of Kanawha County, charging an offense of attempted rape, which, under Code, 1931, 61-11-8, entails a sentence of not less than one nor more than five years; that an information was thereupon filed pursuant to the

habitual criminal or recidivist statute of this state, charging that the prisoner had been previously convicted of two felonies; that he admitted in open court that he was the same person who had been previously convicted of two felonies as alleged in the information, one in the Intermediate Court of Kanawha County, West Virginia, and one in the State of New York; that he was thereupon sentenced to the state penitentiary for life, pursuant to the recidivist statute; that he was denied his constitutional right to assistance of counsel in connection with the prior conviction in the Intermediate Court of Kanawha County; and that, therefore, that conviction is void. The relator alleges that, in these circumstances, he has served the maximum sentence authorized by law and that he is entitled to be discharged from his present confinement in the state penitentiary.

A return was filed in this Court in behalf of the respondent, Otto C. Boles, warden of the state penitentiary. No factual dispute is presented by the habeas corpus petition, as amended, and the return. From these pleadings it appears that the relator, on February 20, 1952, entered a plea of guilty in the Intermediate Court of Kanawha County to an indictment charging an attempt to commit statutory rape; that thereupon, at the same term of court and before sentence was pronounced pursuant to the plea of guilty, the prosecuting attorney filed an information charging that, on January 31, 1940, the relator entered pleas of guilty in the Intermediate Court of Kanawha County to the two indictments charging attempts to commit rape; and that he was duly sentenced to confinement in the state penitentiary pursuant to such pleas of guilty. The information further alleged that on August 25, 1943, the relator entered a plea of guilty to an indictment for a felony in the Court of General Sessions of the County of New York, in the State of New York, and that he was duly sentenced pursuant to that plea.

Apparently it is conceded that, in conformity with prior decisions of this Court, the two pleas of guilty entered on January 31, 1940, in the Intermediate Court of Kanawha County to two separate felony indictments, if valid, may

be considered only as a single prior felony conviction within the meaning of the recidivist statute. *State ex rel. Stover* v. *Riffe,* 128 W. Va. 70, 35 S. E. 2d 689; *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681; *State ex rel. Medley* v. *Skeen,* 138 W. Va. 409, 76 S. E. 2d 146.

In the return filed in behalf of the respondent, it is admitted that the record is silent on the question whether the relator was represented by counsel, whether he was advised of his right to assistance of counsel and whether he waived such right in connection with his convictions on his pleas of guilty in the Intermediate Court of Kanawha County on January 31, 1940. The relator alleges in his petition that, in connection with such convictions, he was not represented by counsel; that he was not advised of his constitutional right to assistance of counsel; and that he did not waive such right. These allegations of the petition are not denied or controverted by the return filed in behalf of the respondent. It is not contended in behalf of the respondent that the two pleas of guilty entered by the prisoner in the Intermediate Court of Kanawha County on January 31, 1940, are valid.

"The right to the assistance of counsel, being a fundamental right, will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel." *State ex rel. May* v. *Boles,* 149 W. Va. 155, pt. 3 syl., 139 S. E. 2d 177. To the same effect, see *State ex rel. Pettery* v. *Boles,* 149 W. Va. 379, 141 S. E. 2d 80; *State ex rel. Bryan* v. *Boles,* 149 W. Va. 359, pt. 1 syl., 141 S. E. 2d 81; *State ex rel. Dayton* v. *Boles,* 149 W. Va. 548, pt. 1 syl., 142 S. E. 2d 471.

The denial of the constitutional right to assistance of counsel invalidates a prior felony conviction and such a conviction, being void, cannot form a basis for additional imprisonment in the application of Code, 1931, 61-11-18 and 19, as amended, the recidivist statute. *State ex rel. Whytsell, Jr.* v. *Boles,* 149 W. Va. 324, pt. 1 syl., 141 S. E. 2d 70; *State ex rel. Bryan* v. *Boles,* 149 W. Va. 359, pt. 2 syl., 141 S. E. 2d 81; *State ex rel. Dayton* v. *Boles,* 149 W. Va. 548, pt. 2 syl., 142 S. E. 2d 471; *State ex rel. Carver* v. *Boles,* 149 W. Va.

565, pt. 1 syl., 142 S. E. 2d 731; *State ex rel. Reed* v. *Boles,* 149 W. Va. 557, pt. 1 syl., 142 S. E. 2d 733; *State ex rel. Hall* v. *Boles,* 149 W. Va. 527, pt. 1 syl., 142 S. E. 2d 377; *State ex rel. Lovejoy* v. *Boles,* 149 W. Va. 532, pt. 1 syl., 142 S. E. 2d 374; *State ex rel. Bullett* v. *Boles,* 149 W. Va. 700, pt. 3 syl., 143 S. E. 2d 133.

In the light of the undisputed facts and the authorities cited previously in this opinion, the Court holds that the accused was denied his constitutional right to assistance of counsel in connection with his convictions on his pleas of guilty entered in the Intermediate Court of Kanawha County on January 31, 1940, and that, therefore, such convictions are void and cannot furnish a basis for imposition of additional imprisonment under the recidivist statute. The validity of the conviction of a felony in the State of New York, as alleged in the information, is not challenged by the relator in his habeas corpus petition.

The only sentence authorized by law following the relator's plea of guilty entered on February 20, 1952, in the Intermediate Court of Kanawha County to an indictment charging an attempt to commit statutory rape was an indeterminate sentence of one to five years, plus five additional years, under the recidivist statute as a consequence of the prior felony conviction in the State of New York, or an aggregate of one to ten years. Inasmuch as the prisoner has now served more than ten years since the imposition of the sentence to life imprisonment on March 26, 1952, it is apparent that he has fully served the valid portion of his sentence and that he is entitled to be released from further confinement in the state penitentiary pursuant to that sentence.

For reasons stated in this opinion, the prisoner is discharged.

*Prisoner discharged.*