STATE *ex rel.* NEWBERRY TRUMAN

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12471)

Submitted September 1, 1965.  Decided September 14, 1965.

*Wilbur D. Webb,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

Upon application of the petitioner, Newberry Truman, this Court granted a writ of habeas corpus ad subjiciendum returnable September 1, 1965, and appointed counsel to represent him before this Court. The petition, in substance, alleges that petitioner is presently serving a life sentence

in the penitentiary as a recidivist based upon his conviction in Roane County in 1962 of a principal offense and the finding by a jury that he was the same person named in an information showing two previous convictions for felonies in Calhoun County. Petitioner contends the life sentence is void for the reason that he did not have the assistance of counsel at either of the Calhoun County convictions.

Respondent, in his return to the writ, admits that the records pertaining to the Calhoun County convictions are silent as to whether petitioner was represented by counsel or intelligently waived his right to the assistance thereof and files as exhibits: the indictment of petitioner for grand larceny in Roane County in 1961, the order of the Circuit Court of Roane County reciting, inter alia, the conviction of the petitioner, represented by counsel, of that offense, the filing of an information alleging two previous convictions for felonies in the Circuit Court of Calhoun County on August 17, 1943, and April 5, 1955, the finding by a jury that petitioner was the same person named in the information and the imposition of a sentence to life imprisonment, and the orders of the Circuit Court of Calhoun County entered August 17, 1943, and April 5, 1955, which respectively show petitioner's conviction of a felony and his sentence to the penitentiary, both of which are silent upon the question of counsel.

The undisputed facts of the case thus bring it within the rule announced in several recent decisions of this Court, the most recent being *State ex rel. Hill* v. *Boles, Warden,* 149 W. Va. 779, 143 S. E. 2d 467 and *State ex rel. Curtis* v. *Boles, Warden,* 150 W. Va. 79, 143 S. E. 2d 824, decided this day, that the conviction of a defendant in the absence of counsel, or of an affirmative showing of an intelligent waiver thereof, is void and cannot be used to support the imposition of additional punishment under a recidivist statute. The Calhoun County convictions, in 1943 and 1955, are therefore void and the judgment of the Circuit Court of Roane County entered February 1962, imposing a life sentence upon the petitioner by reason thereof is also void to the extent, but only to the extent, that it exceeds the

sentence which that court lawfully could have imposed upon petitioner's conviction of the principal offense, that is, one to ten years.

We therefore hold that petitioner is presently serving a valid sentence of one to ten years and the petitioner is remanded to the custody of the respondent until he has completed serving such valid sentence.

*Prisoner remanded.*