STATE *ex rel.* HAYES HOLSTEIN

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12472)

Submitted September 1, 1965.  Decided September 14, 1965.

*William R. McDavid,* for relator.

C. *Donald Robertson,* Attorney General, *George H. Mitchell, Assistant Attorney General,* for respondent.

CAPLAN, JUDGE:

Upon the petition of Hayes Holstein, the petitioner herein, this Court granted a writ of habeas corpus ad subjiciendum returnable September 1, 1965, and appointed counsel to represent him in this proceeding. On the return day the respondent, pursuant to the writ, produced the petitioner and filed his return. Thereupon this case was submitted for decision upon the petition and exhibits filed therewith, the return, and upon the brief and oral argument of counsel for the petitioner. No brief was filed on behalf of the respondent nor was any argument made.

During the January Term, 1963, of the Intermediate Court of Kanawha County the petitioner was indicted for the crime of breaking and entering. He expressly waived his right to the assistance of counsel and entered a plea of guilty to the charge contained in the indictment. Subsequently, but at the same term of court and prior to sentencing, the Prosecuting Attorney of Kanawha County filed an information wherein the court was informed that the petitioner twice before had been convicted of felonies. The petitioner entered a plea of not guilty to the charges in the information and that issue was tried before a jury. The jury returned a verdict finding the petitioner to be the same person as that referred to in the information. Thereafter the court sentenced the petitioner to life imprisonment as a recidivist.

The information filed by the prosecuting attorney charged that the petitioner had been convicted in the Intermediate

Court of Kanawha County of the crime of breaking and entering and was sentenced to the penitentiary therefor on July 27, 1951. The information further charged that the petitioner was convicted of the crime of armed robbery in the Court of Common Pleas of Richland County, Ohio, and on September 27, 1954 was sentenced upon such conviction to the Ohio State Penitentiary for a term of not less than ten nor more than twenty five years.

In this proceeding it is the contention of the petitioner that the Intermediate Court of Kanawha County was without jurisdiction to impose a life sentence under the habitual criminal act for the reason that one of the convictions upon which such sentence was based was void. It is alleged by the petitioner that the 1954 conviction in the State of Ohio is void in that he entered a plea of guilty in that proceeding without the benefit of counsel. He asserts that he was not offered counsel by the court, that he did not waive his right to counsel, and that he had no knowledge that he could have obtained such assistance if he had requested it. In support of these allegations the petitioner filed certified copies of certain records of the Common Pleas Court of Richland County, Ohio, one of which reveals his guilty plea during arraignment and the other of which is an order of the court sentencing the petitioner to an indeterminate term of not less than ten nor more than twenty five years in the Ohio State Penitentiary. Each of these orders is completely silent as to the assistance of counsel. These allegations are undisputed by the respondent. No complaint was made by the petitioner in relation to the 1951 conviction in the Intermediate Court of Kanawha County.

An examination of the record in this proceeding clearly reveals that the orders pertaining to the 1954 conviction of the petitioner in Ohio are silent on the matter of assistance of counsel. It has been firmly established that the right to the assistance of counsel, being a fundamental right, will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel. *State ex rel. May v. Boles,* 149 W. Va.155, 139 S. E. 2d 177; *State*

*ex rel. Pettery* v. *Boles,* 149 W. Va. 379, 141 S. E. 2d 80; *State ex rel. Bryan* v. *Boles,* 149 W. Va. 359, 141 S. E. 2d 81; *State ex rel. Dayton* v. *Boles,* 149 W. Va. 548, 142 S. E. 2d 471; *State ex rel. Hill* v. *Boles,* 149 W. Va. 779, 143 S. E. 2d 467.

Under prior decisions of this Court the 1954 conviction of the petitioner is void and can furnish no valid basis for the imposition of a sentence of additional imprisonment under the habitual criminal statutes of this state. *State ex rel. Curtis* v. *Boles,* 150 W. Va. 79 (decided at this term); *State ex rel. Hill* v. *Boles,* 149 W. Va. 779, 143 S. E. 2d 467; *State ex rel. McClure* v. *Boles,* 149 W. Va. 599, 142 S. E. 2d 773; *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70.

In these circumstances the only valid sentence which the trial court could have imposed was a sentence of one to ten years for the principal offense, plus an additional term of five years for the 1951 felony conviction, the latter term being imposed under the habitual criminal statutes of this state. Thus, the maximum valid sentence which the trial court could have imposed would have been an indeterminate sentence of one to fifteen years. Anything in excess thereof is void. A petitioner in a habeas corpus proceeding, upon whom punishment for an invalid additional period has been improperly imposed under the habitual criminal statutes, may be relieved of the void portion of the punishment. However, he will not be discharged from serving the maximum term provided by statute for the principal offense, plus an additional period for a former valid conviction. *State ex rel. Curtis* v. *Boles,* 150 W. Va. 79 (decided at this term); *State ex rel. McClure* v. *Boles,* 149 W. Va. 599, 142 S. E. 2d 773.

The petitioner in the instant proceeding is therefore entitled to be relieved of that portion of his sentence in excess of the indeterminate sentence of one to fifteen years. However, since he has not yet served the maximum valid sentence he is not now entitled to be discharged from custody.

*Prisoner remanded.*