State *ex rel.* Harvey Curtis

*v.*

Otto C. Boles, *Warden,* West Virginia Penitentiary

(No. 12481)

Submitted September 1, 1965.   Decided September 14, 1965.

*William R. McDavid,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

In this proceeding in habeas corpus instituted in this Court pursuant to its original jurisdiction in such cases, the relator, Harvey Curtis, challenges the validity of one of two prior felony convictions which furnished the basis for the sentence of life imprisonment imposed upon him by the Circuit Court of Logan County pursuant to the habitual criminal statutes of this state.

On October 2, 1957, the relator, appearing in person and by counsel, entered his plea of guilty in the Circuit Court of Logan County to an indictment charging the commission of a crime which is commonly referred to as breaking and entering, the penalty for which is one to ten years confinement in the state penitentiary. On October 14, 1957, at the same term of court and before sentence was pronounced pursuant to the plea of guilty, the prosecuting attorney filed an information, in conformity with the habitual criminal statutes of this state, charging that the prisoner previously had been convicted of a felony in the same court on May 25, 1948; that he had been convicted previously of a felony in the same court on March 1, 1949; and that he had been duly sentenced pursuant to such two prior convictions. The prisoner appeared in court in person and by counsel on October 14, 1957, and, after having been duly cautioned by the court and after having been advised by the

court of his right to trial by jury, acknowledged that he was the same person who had been twice convicted previously as charged in the information. Thereupon the relator was sentenced, pursuant to the habitual criminal statutes of this state, to confinement in the state penitentiary for life.

In his habeas corpus petition, the relator alleges that the prior conviction in 1949 is void because he was denied his constitutional right to assistance of counsel in that case; and that, in relation to the prior conviction in 1948, the record is silent on the subject of assistance of counsel.

On September 1, 1965, the day on which the case was argued before this Court and submitted for decision, there was filed in behalf of the relator his affidavit in which he stated that he was not represented by counsel in the case in which he was convicted on his plea of guilty in 1949; and that, in relation to the 1948 conviction, he was convicted by a jury on his plea of not guilty, but that the trial court record pertaining to that conviction is silent as to the question of assistance of counsel. Therefore, in his verified petition and also in his subsequent affidavit filed in this Court, the relator states that he was denied his constitutional right to assistance of counsel in connection with the 1949 conviction upon his plea of guilty; and that the record is silent concerning the question af assistance of counsel in the case in which he was convicted by a jury in 1948. The relator does not allege or state, either in the habeas corpus petition or in the affidavit, that he was not actually represented by counsel in the case in which he was convicted in 1948. He merely states that the court records pertaining to that conviction are silent on the subject of assistance of counsel.

The return filed in behalf of the respondent admits that the record pertaining to the 1948 conviction does not disclose whether the relator was assisted by counsel, whether he was advised of his constitutional right in this respect or whether he waived his right to assistance of counsel. No showing has been made in behalf of the respondent, either by allegation or by proof, that the relator was represented

by counsel in connection with the 1949 conviction. Counsel for the respondent apparently conceded in oral argument that, under its prior decisions in cases of this nature, the Court must hold that the relator was denied his constitutional right to assistance of counsel in the case in which he was convicted in 1949 upon his plea of guilty.

The return, however, specifically alleges that the relator was represented by counsel when he was tried and convicted by a jury in 1948; and, in support of that allegation, there was filed with the return as an exhibit an affidavit of Edward I. Eiland in which he states that he is a member of the bar of Logan County and that he, in his professional capacity, represented the relator in the trial before a jury in which the relator was convicted on May 25, 1948. As we have stated previously in this opinion, the relator makes no showing, by either allegation or proof, that he was not represented by counsel in connection with the 1948 jury trial and conviction. Therefore, the record in this proceeding discloses no basis for an adjudication by this Court that the 1948 conviction is invalid.

In the light of the undisputed facts disclosed by the record in this proceeding, as previously summarized in this opinion, the Court holds that the relator was represented by counsel in connection with his jury trial and his consequent conviction in 1948 and that, therefore, the relator was not denied his constitutional right to assistance of counsel in relation to that trial and conviction; but the Court holds also that the relator was denied his constitutional right to assistance of counsel in connection with the 1949 conviction on his plea of guilty and that consequently the 1949 conviction, under prior decisions of this Court, is void and can furnish no valid basis for the imposition of a sentence of additional imprisonment under the habitual criminal statutes of this state. *State ex rel. Hill* v. *Boles, Warden,* 149 W. Va. 779, 143 S. E. 2d 467, in which prior pertinent decisions of this Court are cited.

In the circumstances of this case, and in the light of prior decisions by this Court, the only valid sentence which the

trial court could have pronounced was a sentence of one to ten years for the conviction in 1957 for the principal offense, plus an additional period of five years, under the habitual criminal statutes of this state, because of the 1948 conviction of the accused, or an aggregate indeterminate sentence of one to fifteen years.

The prisoner is entitled, in this habeas corpus proceeding, to be relieved of and he will be relieved of that portion of the sentence in excess of the indeterminate sentence of one to fifteen years. Inasmuch as he has not yet served the maximum sentence of fifteen years, he is not entitled by this proceeding to be discharged, but he must be remanded to the custody of the warden of the state penitentiary. *State ex rel. McClure* v. *Boles, Warden,* 149 W. Va. 599, pt. 4 syl., 142 S. E. 2d 773, and prior cases cited therein.

For reasons stated in this opinion, the prisoner will be remanded to the custody of the Warden of the State penitentiary.

*Prisoner remanded.*