STATE OF WEST VIRGINIA *ex rel.* WOODROW W. WOLFORD

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12493)

Submitted September 1, 1965.   Decided September 21, 1965.

*Grover C. Goode,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

The petitioner Woodrow W. Wolford invoked the original jurisdiction of this Court by filing a habeas corpus petition

therein. The writ prayed for was granted on July 19, 1965 returnable September 1, 1965, at which time the case was submitted for decision on argument and brief.

The petitioner was indicted by the grand jury of McDowell County at the January, 1954 term for the crime of breaking and entering. He was represented by counsel and entered a plea of guilty to the charge contained in the indictment. An information was filed by the prosecuting attorney of McDowell County at the same term of Court in which was set forth two prior convictions to which the petitioner admitted that he was the same person named in the information as having been convicted twice for crimes punishable by confinement in the penitentiary and as a result was sentenced to life imprisonment in the West Virginia State Penitentiary.

There is no contradiction in this proceeding as to the validity of the sentence of from one to ten years for the principal offense of breaking and entering in McDowell County. However, it is the contention of the petitioner that the life sentence imposed upon him under the provisions of the recidivist statute of this State, Code, 61-11-18, as amended, is void because he was not furnished the assistance of counsel, nor did he knowingly waive such right, in either of the prior convictions in the Circuit Court of Mingo County, West Virginia, in 1937, and the Circuit Court of Fayette County, Kentucky, in 1948, and that, therefore, his constitutional rights with regard to the assistance of counsel having been violated, the prior convictions are void.

The record is silent as to the assistance of counsel in each of the prior convictions, as to any advice with regard to the right to counsel, and as to any waiver of such right. The return filed by the defendant admits these facts and contains certified copies of the orders.

This case is governed by the recent case of *State ex rel. Simon Whytsell, Jr.* v. *Otto C. Boles,* 149 W. Va. 324, 141 S. E. 2d 70, in which it was held in the first point of the syllabus: "The denial of the fundamental right of the defendant to the assistance of counsel in a criminal proceed-

ing applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute, and such conviction and any sentence of imprisonment imposed upon it, being null and void because of such denial, can not justify or support the imposition of any additional punishment under such statute."

The valid sentence of from one to ten years imposed upon the petitioner in 1954 having been fully served, it is the contention of the petitioner that he is entitled to release from the custody of the defendant. It was also specifically held in the Whytsell case, in the fifth point of the syllabus in the following language that: "A person imprisoned under a valid sentence imposed for the commission of a principal offense who has fully served the maximum sentence provided for such offense will be released from custody by a writ of habeas corpus."

For the reasons stated herein, the petitioner is entitled to immediate release from his confinement in the West Virginia Penitentiary and the defendant is directed to release him forthwith.

*Prisoner discharged.*