STATE *ex rel.* WILLIAM LEROY NUTTER, JR.

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12495)

Submitted September 21, 1965.    Decided October 5, 1965.

*Jack D. Huffman,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

In this original proceeding in habeas corpus the petitioner, William Leroy Nutter, Jr., alleging that he is "unlawfully and illegally imprisoned and deprived of his liberty", seeks a writ to compel the respondent to release him from his custody. The writ was issued by this Court on July 26, 1965, returnable September 21, 1965, and counsel was appointed to represent the petitioner in this proceeding. On the return day the respondent produced the petitioner in Court and filed a return and demurrer to the petition. The case was thereupon submitted for decision upon the aforesaid pleadings and upon the briefs and arguments of counsel.

On April 5, 1962 William Leroy Nutter, Jr., together with four other persons, was indicted by the grand jury of the Circuit Court of Fayette County, West Virginia, for the crime of breaking and entering a certain store building. The petitioner failed to appear for arraignment, which was set for May 22, 1962, and a capias was issued for his arrest. Nutter was later apprehended and on January 16, 1963 was arraigned and entered a plea of guilty. Prior to said arraignment counsel was appointed to assist the petitioner in that proceeding.

Upon the entry and acceptance of the guilty plea, the prosecuting attorney announced to the court that the petitioner had been previously convicted and sentenced for a felony. Thereupon, the petitioner having admitted that he was the same William Leroy Nutter, Jr. who had been previously so convicted, the court sentenced him to confinement in the West Virginia Penitentiary for an indeterminate term of one to fifteen years.

In this proceeding it is contended that the sentence so imposed is void for the reason that no written information was filed with the court as required by the provisions of

Code, 1931, 61-11-19, as amended. Furthermore, the petitioner asserts that his conviction and sentence are void because he was afforded ineffective counsel. We have carefully considered the latter assertion and find it to be wholly without merit.

This petitioner was convicted of the crime of breaking and entering a building other than a dwelling house, the statutory sentence for which is one to ten years. Code, 1931, 61-3-12. Yet, he was sentenced to one to fifteen years. The additional five years were obviously imposed under the provisions of Code, 1931, 61-11-18, as amended. Before an additional sentence may be imposed under that statute it is imperative that the procedure detailed in Code, 1931, 61-11-19, as amended, be complied with. This Court consistently has held that the provisions of said Section 19 are mandatory and must be complied with fully for the imposition of a valid sentence of further confinement under the statute. *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707; *State ex rel. Yokum* v. *Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Housden* v. *Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740. Section 19 provides that the court may impose an additional sentence only upon an information filed by the prosecuting attorney. This means a written information, as evidenced by the language of Point 1 of the syllabus in *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707, which reads as follows: "In the absence of a written information filed with the court, setting forth the previous conviction and sentence, or convictions and sentences, an additional sentence imposed, under the provisions of Section 18, Article 11, Chapter 61, Code, 1931, as amended, is void."

In the instant proceeding the respondent readily admits that no information was filed in the Circuit Court of Fayette County alleging a prior felony conviction and that the court, in imposing an additional five years, acted upon the mere recital of the prosecuting attorney. This action completely fails to comply with the mandatory requirements

of our recidivist statutes and the additional sentence so imposed is void. A petitioner in a habeas corpus proceeding, upon whom punishment for an invalid additional period has been improperly imposed under the habitual criminal law, may be relieved of the void portion of the punishment but will not be discharged from serving the maximum term provided by statute for the principal offense. *State ex rel. Truman* v. *Boles,* 150 W. Va. 87, 143 S. E. 2d 820; *State ex rel. Holstein* v. *Boles,* 150 W. Va. 83, 143 S. E. 2d 821; *State ex rel. Curtis* v. *Boles,* 150 W. Va. 79, 143 S. E. 2d 824.

In the circumstances of this case the only valid sentence which the trial court could have imposed was a sentence of one to ten years for the principal offense. Any time in excess thereof is void and the petitioner will be relieved thereof. However, since he has not yet served the sentence provided by statute for the principal offense he is not now entitled to be discharged from custody.

*Prisoner remanded.*