STATE *ex rel.* EDWIN GEORGE WIDMYER

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12475)

Submitted September 1, 1965.    Decided October 12, 1965.

*Charles M. Love,* III, for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

In this original habeas corpus proceeding instituted in this Court May 27, 1965, the petitioner, Edwin George

Widmyer, who is presently confined in the penitentiary of this State by virtue of a sentence of life imprisonment as a habitual criminal, imposed by the Circuit Court of Morgan County, West Virginia, by its final judgment rendered January 17, 1955, seeks a writ to prevent the enforcement of the sentence of life imprisonment and to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.

On June 7, 1965, this Court awarded a writ returnable September 1, 1965 and appointed an attorney to represent the petitioner. Upon the return day of the writ this proceeding was heard and submitted for decision upon the petition and its exhibit, the return of the defendant and its exhibits, and the written brief and oral argument in behalf of the petitioner. No written brief was filed in behalf of the defendant, who produced the body of the petitioner as commanded by the writ and filed his return. Copies of the indictment for the principal offense and of the order of the Circuit Court of Morgan County entered September 7, 1937, sentencing the petitioner to confinement in the penitentiary of this State for an indeterminate period of two years to ten years, and of the order entered January 17, 1955, sentencing the petitioner to confinement in the penitentiary for life, were filed as exhibits with the return of the defendant.

From the return and its exhibits it appears that the petitioner was indicted by the grand jury of the Circuit Court of Morgan County at the January Term, 1955, for the crime of grand larceny; that on January 17, 1955, the petitioner, being represented by counsel, was arraigned and entered his plea of guilty to such indictment; that the prosecuting attorney of Morgan County filed an information which charged that the petitioner was indicted for a felony at the September Term, 1937, of the Circuit Court of Morgan County, and on the 7th day of September, 1937, entered a plea of guilty to such indictment and was sentenced to serve an indeterminate sentence of two years to ten years in the penitentiary of this State; that the petitioner was indicted for a felony at the January Term, 1947, of the

Circuit Court of Morgan County, to which he entered a plea of not guilty and upon the trial by a jury the petitioner was convicted and sentenced to be confined in the penitentiary of this State for a period of ten years and an additional period of five years was imposed by reason of his prior conviction for a felony in September 1937; that the court then inquired of the petitioner whether he was the same person so convicted and after having been duly cautioned the petitioner acknowledged that he was the same person who had been twice previously convicted and sentenced for the foregoing felonies; and that by its final judgment rendered January 17, 1955, the petitioner was sentenced to confinement in the penitentiary of this State for the term of his natural life.

The order entered September 7, 1937, is silent with respect to the appointment or the presence of counsel for the petitioner and as to whether he was advised as to his right to the assistance of counsel and whether he intelligently waived such right.

The petitioner filed an affidavit in this proceeding in which he states that he was not represented by counsel at any stage of the proceeding in which he was convicted of a felony on September 7, 1937; that he did not have financial means to hire an attorney to represent him; that he did not know that he could request the court to appoint an attorney to represent him or that he had the right to have an attorney appointed for that purpose; that he did not demand the appointment of an attorney because he did not know that he could have an attorney unless he employed one; that he was never informed by the court or by any person that he could request counsel to represent him and that such request would be granted; that he never knowingly waived his right to be represented by counsel and would not have done so had he known that such right existed; that if he had known that he could have obtained an attorney to represent him he would have requested the appointment of counsel; and that he believes that had he been represented and advised by counsel the outcome of the charge against him would have been substantially altered.

The return of the defendant admits that the record of the conviction of the petitioner in the Circuit Court of Morgan County, West Virginia, of the offense for which he was sentenced September 7, 1937, is silent as to whether he was represented by counsel or waived his right to the assistance of counsel.

The petitioner contends that the sentence of life imprisonment is unconstitutional, null and void for the reason that he was denied the assistance of counsel to defend him against the offense for which he was convicted in September 1937 in the criminal proceeding against him in the Circuit Court of Morgan County.

This Court has repeatedly held in numerous decisions since the decision in the case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, that the right to the assistance of counsel is a fundamental right and is essential to a fair trial; that the safeguard of counsel provided by the Sixth Amendment to the Constitution of the United States is made obligatory upon the States under the due process clause of the Fourteenth Amendment; that such right will not be presumed to have been waived by the entry of a plea of guilty by the accused where the record is silent as to such waiver by the failure of the accused to request counsel or by reason of a record silent on the matter of the assistance of counsel; and that though a person accused of a crime may waive his right to the assistance of counsel, such waiver must be made intelligently and knowingly. *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70, and the many cases cited in the opinion in that case.

At the time the petitioner was charged with the commission of the crime for which he was convicted and sentenced in the Circuit Court of Morgan County on September 7, 1937, he was entitled to the assistance of counsel and, with respect to the record in that proceeding, there is no indication that he was represented by counsel or that he intelligently waived that right. For that reason the judgment entered in that proceeding which sentenced him to confinement in the penitentiary of this State for an indeterminate period of two years to ten years is void and of no

force or effect. The right of the defendant in a criminal proceeding to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by the failure of the accused to request counsel, by the entry of a guilty plea or by reason of a record silent on the matter of counsel and the conviction of a defendant in the absence of counsel or of an affirmative showing of an intelligent waiver of such right is void. *State ex rel. Holstein v. Boles,* 150 W. Va. 83, 143 S. E. 2d 821; *State ex rel. Stapleton v. Boles,* 149 W. Va. 645, 142 S. E. 2d 896; *State ex rel. Walls v. Boles,* 149 W. Va. 605, 142 S. E. 2d 767; *State ex rel. Kozdron v. Boles,* 149 W. Va. 596, 142 S. E. 2d 769; *State ex rel. Dayton v. Boles,* 149 W. Va. 548, 142 S. E. 2d 471; *State ex rel. Bryan v. Boles,* 149 W. Va. 359, 141 S. E. 2d 81; *State ex rel. Pettery v. Boles,* 149 W. Va. 379, 141 S. E. 2d 80; *State ex rel. Blankenship v. Boles,* 149 W. Va. 377, 141 S. E. 2d 68; *State ex rel. Calloway v. Boles,* 149 W. Va. 297, 140 S. E. 2d 624.

The denial of the fundamental right of a defendant to the assistance of counsel in a criminal proceeding applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute, and such conviction and any sentence of imprisonment imposed upon it, being null and void because of such denial, can not justify or support the imposition of any additional imprisonment under such statute. *State ex rel. Wolford v. Boles,* 150 W. Va. 91, 144 S. E. 2d 73; *State ex rel. Holstein v. Boles,* 150 W. Va. 83, 143 S. E. 2d 821; *State ex rel. Truman v. Boles,* 150 W. Va. 87, 143 S. E. 2d 820; *State ex rel. Curtis v. Boles,* 150 W. Va. 79, 143 S. E. 2d 824; *State ex rel. Hill v. Boles,* 149 W. Va. 779, 143 S. E. 2d 467; *State ex rel. Bullett v. Boles,* 149 W Va. 700, 143 S. E. 2d 133; *State ex rel. Owens v. King,* 149 W. Va. 637, 142 S. E. 2d 880; *State ex rel. Reed v. Boles,* 149 W. Va. 557, 142 S. E. 2d 733; *State ex rel. Carver v. Boles,* 149 W. Va. 565, 142 S. E. 2d 731; *State ex rel. Dayton v. Boles,* 149 W. Va. 548, 142 S. E. 2d 471; *State ex rel. Hall v. Boles,* 149 W. Va. 527, 142 S. E. 2d 377; *State ex rel. Lovejoy v. Boles,* 149 W. Va. 532, 142 S. E. 2d 374; *State ex rel. Bryan v. Boles,* 149 W. Va. 359, 141 S. E. 2d 81; *State ex rel. Cobb v. Boles,* 149 W. Va. 365, 141 S. E. 2d 59. To justify the

imposition, under the recidivist statute of this State, of a sentence in excess of the sentence provided for the principal offense, the previous conviction and sentence must be a valid conviction and sentence, and if such previous conviction and sentence are void they will not constitute the basis for the imposition of any imprisonment provided by such statute and, in that situation, such statute will be deemed to be wholly inapplicable. *State ex rel. Reed* v. *Boles,* 149 W. Va. 557, 142 S. E. 2d 733; *State ex rel. Carver* v. *Boles,* 149 W. Va. 565, 142 S. E. 2d 731; *State ex rel. Hall* v. *Boles,* 149 W. Va. 527, 142 S. E. 2d 377; *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70. The sentence of life imprisonment imposed upon the petitioner under the foregoing recidivist statute, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, is null and void, and its enforcement will be prevented in this habeas corpus proceeding.

"A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding." Point 5, syllabus, *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851; *State ex rel. Bullett* v. *Boles,* 149 W. Va. 700, 143 S. E. 2d 133; *State ex rel. Hall* v. *Boles,* 149 W. Va. 527, 142 S. E. 2d 377; *State ex rel. Robison* v. *Boles,* 149 W. Va. 516, 142 S. E. 2d 55; *State ex rel. McClure* v. *Boles,* 149 W. Va. 599, 142 S. E. 2d 773; *State ex rel. Reed* v. *Boles,* 149 W. Va. 557, 142 S. E. 2d 733; *State ex rel. Carver* v. *Boles,* 149 W. Va. 565, 142 S. E. 2d 731; *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70.

It appears from the record that at the time the petitioner entered his plea of guilty to the indictment for the principal offense on January 17, 1955, the petitioner was represented by counsel and the petitioner does not contend that he was not represented by counsel at his trial at which he was convicted of a felony in January 1947 and sentenced to confinement in the penitentiary of this State for a period of ten years and an additional period of five years, which additional sentence of five years, being based upon his previous conviction and sentence on September 7, 1937, is

void and unenforceable. In consequence the valid sentence which the Circuit Court of Morgan County was authorized to impose was the sentence of one year to ten years for the crime of grand larceny and an additional sentence of five years, based upon his prior conviction of a felony in 1947, or a maximum sentence of one year to fifteen years.

It is well established by decisions of this Court that a petitioner in a habeas corpus proceeding, upon whom imprisonment for an invalid additional period has been improperly imposed under the recidivist statute of this State, may be relieved of the void portion of the imprisonment but will not be discharged from serving the maximum term provided by statute for the principal offense and any valid additional sentence for any prior felony conviction. *State ex rel. Nutter* v. *Boles,* 150 W. Va. 93, 144 S. E. 2d 238; *State ex rel. Holstein* v. *Boles,* 150 W. Va. 83, 143 S. E. 2d 821; *State ex rel. Truman* v. *Boles,* 150 W. Va. 87, 143 S. E. 2d 820; *State ex rel. Curtis* v. *Boles,* 150 W. Va. 79, 143 S. E. 2d 824; *State ex rel. McClure* v. *Boles,* 149 W. Va. 599, 142 S. E. 2d 773; *State ex rel. Reed* v. *Boles,* 149 W. Va. 557, 142 S. E. 2d 733; *State ex rel. Albright* v. *Boles,* 149 W. Va. 561, 142 S. E. 2d 725; *State ex rel. Bryan* v. *Boles,* 149 W. Va. 359, 141 S. E. 2d 81; *State ex rel. Cobb* v. *Boles,* 149 W. Va. 365, 141 S. E. 2d 59; *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707.

Inasmuch as the petitioner has not fully satisfied the valid sentence provided by statute, he is not entitled to be released from his present confinement until he has completely served the sentence provided by law for the principal offense of which he was convicted and the additional period of five years because of his prior conviction of a felony in January 1947 in the Circuit Court of Morgan County.

For the foregoing reasons the petitioner is remanded to the custody of the defendant until he has served the valid sentence to which he is subject as provided by law.

*Prisoner remanded.*