STATE OF WEST VIRGINIA

*v.*

CARL O'DELL ECHARD

(No. 14521)

Decided July 19, 1981.

*Richard A. Bush,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Paula Dean Maas,* Assistant Attorney General, for defendant in error.

PER CURIAM:

This is an appeal by Carl O'Dell Echard from an order of the Circuit Court of Wood County sentencing him as a recidivist to life in the penitentiary. Among other points, the appellant asserts that the circuit court erred in failing to order a mental examination to determine his competency to stand trial. We agree, and we reverse the judgment of the circuit court.

The appellant was charged with armed robbery during the April 1978 term of the Circuit Court of Wood County. Sixteen days after the return of the indictment, and four days before trial was scheduled to begin, his counsel moved that an examination to assess his mental condition be conducted pursuant to the provisions of *W.Va.Code*, 27-6A-1 [1977]. In support of the motion counsel filed a letter from the Sheriff of Wood County dated March 20, 1978, indicating that the appellant, while confined in jail, had made three suicide attempts and had committed various other irrational and violent acts. After hearing arguments of defense counsel and the State on the motion, the trial court found that it had not been timely filed and that there had been no evidence justifying the examination.

We have recognized that it is necessary that adequate procedures exist to insure that a legally incompetent accused is not convicted, and we have held that:

> "When a trial judge is made aware of a possible problem with defendant's competency, it is abuse of discretion to deny a motion for psychiatric examination. To the extent *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975), differs from this rule, it is overruled." Syllabus Point 4, *State v. Demastus*, 159 W.Va. 158, 270 S.E.2d 649 (1980).

We have also recognized that there are no fixed or immutable signs always dispositive of a defendant's competency to stand trial. Each case must, in effect, be judged on the facts presented. *See, State v. Demastus, supra.*

In the case before us the sheriff's letter, which was available to the trial court, indicated that the appellant had, within the month prior to the filing of the motion, slashed his arm with a razor and swallowed glass. As a result of both incidents he was hospitalized. Under our statute for the civil commitment of the mentally ill either incident of intentional, self-destructive, mutilation would have supported the appellant's involuntary commitment as being mentally ill. *See, W.Va. Code*, 27-5-3 [1979]. We believe that either incident should have indicated potential

mental illness to the trial judge and should have prompted him to order a mental examination. Such a result has been dictated by *State v. Demastus, supra.* We conclude that because a mental examination was not allowed the appellant's conviction must be reversed; his mental competency must be tested; and if found competent, he must be retried.

Because the appellant's conviction must be reversed, we find it unnecessary to determine if the other errors assigned would justify reversal of the conviction. We do note, however, that the appellant asserts that he should have been allowed to challenge the constitutionality of the prior convictions raised in support of the recidivist information. We have repeatedly held that:

> "To justify the imposition, under the recidivist statute of this State, of a sentence in excess of the sentence provided for the principal offense, the previous conviction and sentence must be a valid conviction and sentence; and if such previous conviction and sentence are void they will not constitute the basis for the imposition of the punishment provided by such statute and, in that situation, such statute will be deemed to be wholly inapplicable." Syl. pt. 2, *State ex rel. Whytsell v. Boles,* 149 W.Va. 324, 141 S.E.2d 70 (1965); *State ex rel. Widmyer v. Boles,* 150 W.Va. 109, 144 S.E.2d 322 (1965); *State ex rel. Carver v. Boles,* 149 W.Va. 565, 142 S.E.2d 731 (1965); *State ex rel. Hall v. Boles,* 149 W.Va. 527, 142 S.E.2d 377 (1965).

Since a void conviction will not support a recidivist sentence, we conclude that a proper question for consideration in the appellant's retrial, if properly raised, is whether his previous convictions were in fact valid.

Because the appellant was not afforded a mental examination, the judgment of the Circuit Court of Wood

County is reversed, and this case is remanded for a new trial.

*Reversed and remanded.*