STATE *Ex Rel.* VIRGIL BRYAN

*v.*

OTTO C. BOLES, *Warden,* W. VA. PENITENTIARY

(No. 12389)

Submitted February 16, 1965.     Decided March 23, 1965.

360

*W. Warren Upton,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

Upon application of petitioner, Virgil Bryan, this Court granted a writ of habeas corpus ad subjiciendum on November 23, 1964, returnable January 13, 1965. On the return day the case was continued to February 16, 1965, and was argued and submitted on that date.

The petition alleges petitioner's conviction of the offense of forgery in the Intermediate Court of Kanawha County in 1961; the filing of an information setting forth two previous convictions of felonies in Kanawha County in the years 1939 and 1957; the finding by a jury that petitioner was the same person named in the information; and, his subsequent sentence to life imprisonment as a recidivist under the provisions of Code, 61-11-18, 19, as amended.

The petition then alleges that such life sentence is void inasmuch as he was not represented by competent and effective counsel during his trials for the principal offense and on the information; the jury was not sequestered; and, petitioner was not represented by or advised of his right to counsel at the time of his conviction of the 1939 offense.

Appended to the petition as exhibits are the information and commitment pursuant to the 1961 proceedings and the judgment entered October 13, 1939, reciting petitioner's appearance and plea of guilty to an indictment for felony and his subsequent sentence to the penitentiary. This order is silent as to any advice or admonitions as to petitioner's rights and as to any waiver by petitioner of his right to the assistance of counsel.

Respondent appeared in response to the writ and demurred on the ground that there is no evidence that petitioner's court-appointed counsel failed to render effective assistance upon petitioner's trial for the principal offense and thereafter, and made his return averring petitioner's confinement pursuant to the judgment of a court of competent jurisdiction, valid on its face, and a valid commitment issued thereon. Attached to the return as exhibits are the orders relating to the proceedings with regard to the 1961 offense in the Intermediate Court of Kanawha County and the order of the Circuit Court of Kanawha County refusing a writ of error and supersedeas thereto. In addition to the exhibits filed with the petition and return, the transcripts of petitioner's trials upon the principal offense and the information and the affidavits of Frank L. Taylor, D. J. Savage and the petitioner are made a part of the record in this proceeding by stipulation.

Petitioner's first affidavit concerns the question of the effective assistance of counsel and avers, after reciting previous proceedings, which resulted in the jury's failure to agree upon a verdict, that a new attorney was appointed to represent him with whom he conferred only once prior to his second trial. Petitioner then avers his belief that if he had had more opportunity to confer with counsel, he could have helped him to prepare a better defense. The Court

finds no merit in this contention and a detailed recital of the facts in this regard will not be set forth here. Suffice to say that a perusal of the entire record and transcripts shows that counsel ably and competently rendered effective assistance and zealously pursued and protected all of petitioner's rights and interests.

Petitioner's second affidavit concerns the 1939 conviction and avers that at that time petitioner was without means to employ counsel, was not advised of his right to have counsel appointed to represent him, and did not knowingly waive his right to counsel. He further avers that if it was the regular procedure for the court to advise defendants of their right to counsel and to appoint counsel if desired, such procedure was not followed in his case.

Frank L. Taylor, presently Judge of the Circuit Court of Kanawha County, avers that: in 1939 he was an assistant prosecuting attorney for Kanawha County; it was the custom for the court to inquire as to a defendant's representation by counsel and to appoint counsel if desired; but, he has no independent recollection of the proceedings involved herein and cannot affirmatively state that the custom was followed in this particular case. The affidavit of D. J. Savage, Judge of the Intermediate Court of Kanawha County in October, 1939, is to the same effect.

This case is not distinguishable in principle from the case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, as to the conviction of the petitioner of a felony in the Intermediate Court of Kanawha County, West Virginia, on October 13, 1939. This Court held in the *May* case that the assistance of counsel is a fundamental right in a criminal trial and that such assistance will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea to such charge, or by reason of a record silent on the matter of counsel. The authorities cited in this Court's opinion in that case need not be repeated herein but reference is made thereto. The averment of the petitioner as to the lack of counsel, or waiver thereof during the 1939 proceeding, being substantially uncontradicted, and the record being silent there-

on, such conviction is void and cannot serve as a basis for the imposition of additional punishment pursuant to the provisions of Code, 61-11-18, 19, as amended. *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70; *United States ex rel. Durocher* v. *LaVallee,* 330 F. 2d 303 (2nd Cir. 1964), cert. denied 377 U. S. 998, 84 S. Ct. 1921, 12 L. Ed. 2d 1048.

It is not seriously contended by the petitioner that his 1957 conviction of a felony in the Intermediate Court of Kanawha County is not valid and we hold, as heretofore stated, that the 1961 conviction in the same court was valid. Therefore, under the provisions of the recidivist statute of this state, Code, 61-11-18, 19, as amended, the judge of the intermediate court was without jurisdiction to impose a life sentence upon the petitioner inasmuch as there was only one valid conviction prior to the principal offense and our statute provides in such cases that the trial court shall add only an additional five years to the sentence imposed for the principal offense.

In *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234, this Court, upon writ of error, reversed the judgment of the Circuit Court of Marshall County in a habeas corpus proceeding in which that court released outright a prisoner who was serving a life sentence from Roane County upon conviction of a felony and the finding that the prisoner had twice before been convicted of a felony. However, the record showed that the two previous convictions, used as a basis for the imposition of the life sentence, occurred at the same term of the court and this Court, in interpreting our recidivist statute, held that only one of those felonies could be used against the prisoner to increase his penalty for the principal crime. This statement from *Ex parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59, was quoted in the opinion of that case: "If the judgment is in excess of that which the court rendering it had by law the power to pronounce, such judgment is void for the excess only." Many decisions are cited in support of that statement. This quotation from the opinion of the *Dye* case is controlling upon this issue in the instant case: "As al-

ready pointed out, the utmost valid sentence which the Circuit Court of Roane County had jurisdiction to impose upon the petitioner, under the forgery indictment returned against him in 1943, was confinement for a term which included the maximum period of ten years for the offense for which he was then convicted and an additional term of five years for one of his two simultaneous prior convictions at the same term of court in May, 1933. The residue of the sentence of life imprisonment in excess of ten years and the additional five years, is void. For that reason it can not be enforced and the petitioner, after completely serving the valid portion of his sentence, must be released." To the same effect are: *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707; *State ex rel. Yokum* v. *Adams,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Medley* v. *Skeen,* 138 W. Va. 409, 76 S. E. 2d 146.

In *State ex rel. Roberts* v. *Tucker,* 143 W. Va. 114, 100 S. E. 2d 550, an original proceeding in habeas corpus, this Court held void the judgment of the Criminal Court of Mercer County sentencing the prisoner to a term of thirty years for armed robbery whereas a few days previously the judge of the same court had sentenced the prisoner to ten years for the same offense, concluding that, "Inasmuch as the petitioner has not fully served the sentence imposed upon him by the valid judgment of July 19, 1957 [the ten year sentence], we must deny his prayer for release upon the writ of habeas corpus ad subjiciendum heretofore issued. Therefore, we remand the petitioner to the custody of the respondent, the Warden of West Virginia Penitentiary, until he has served the valid sentence imposed upon him by the order of July 19, 1957, or until he may be sooner released by the proper official of the Executive branch of the government of this State."

We therefore hold that the judgment of the Intermediate Court of Kanawha County of the 12th day of May, 1961, is not void in its entirety but is void for the excess only of the sentence which the judge of that court had the authority to impose upon the petitioner, that is, one to ten years for the principal offense of forgery plus an additional

five years by virtue of the finding that petitioner had once before been validly convicted of a felony, and upon this writ he will be remanded until he has served such valid sentence.

*Prisoner remanded.*