STATE *ex rel.* DANNY GOSNELL

*v.*

OTTO C. BOLES, *Warden,* W. VA. PENITENTIARY

(No. 12435)

Submitted April 27, 1965.          Decided June 8, 1965.

*Naaman J. Aldredge,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

In this original proceeding, this Court granted a writ of habeas corpus ad subjiciendum on March 1, 1965, returnable April 27, 1965, and appointed counsel to represent petitioner before this Court. The petition alleges petitioner's

imprisonment pursuant to a judgment of the Circuit Court of Logan County entered June 30, 1961, imposing a sentence of one to ten years in the penitentiary upon petitioner's plea of guilty to an indictment charging him with breaking and entering, and contends that such conviction and sentence are void for the reason that he did not have counsel in the proceedings. A copy of the trial court's order filed with the petition is silent upon the question of counsel. Petitioner also filed an affidavit that at the time of his conviction he was without means to employ counsel; neither did he know nor was he informed by the court that he had a right to counsel and could request the court to appoint counsel to represent him; and, he did not knowingly waive his right to counsel and would not have done so if he had known that he had such right. Respondent, in his return, admits that the record is silent as to whether petitioner was advised of his right to the assistance of counsel and as to whether he intelligently waived such right.

As stated in *State ex rel. Pettery v. Boles,* 149 W. Va. 379, 141 S. E. 2d 80, ". . . the right to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by the failure of an accused to request counsel, by the entry of a guilty plea or by reason of a record silent on the matter of counsel, and that a conviction thus obtained in the absence of counsel, or of an affirmative showing of an intelligent waiver thereof, is void." The trial court's order being silent upon the question and the affidavit of petitioner, that he neither had counsel nor knowingly waived his right to counsel, being uncontradicted, the conviction and sentence complained of are void and petitioner is entitled to his release.

*Prisoner discharged.*