STATE *ex rel.* WALTER J. KOZDRON

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12463)

Submitted June 8, 1965.                    Decided June 22, 1965.

*Arthur M. Recht,* for realtor.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

Upon the petition of Walter J. Kozdron, the petitioner herein, this Court granted a writ of habeas corpus ad subjiciendum returnable June 8, 1965, and appointed counsel to represent him in this proceeding. On the return day the

defendant, pursuant to the writ, produced the petitioner and filed his return and demurrer to said petition. Thereupon this case was submitted for decision upon the petition, the affidavit and exhibits of the petitioner, the return and demurrer of the defendant and upon the briefs and arguments of counsel.

During the October Term, 1943, of the Intermediate Court of Ohio County the petitioner was indicted for armed robbery, said indictment containing six counts and being identified as Indictment No. 3. On the same day, October 4, 1943, the grand jury of said county again indicted the petitioner for armed robbery and kidnapping, said indictments being designated Nos. 28 and 29. On November 22, 1943, the petitioner was arraigned on Indictment No. 3, was offered and refused the assistance of counsel and entered a plea of not guilty to the charges therein. On the motion of the prosecuting attorney Count No. 4 of Indictment No. 3 was withdrawn. Upon trial on the charges in this indictment the petitioner conducted his own defense, whereupon the jury returned a verdict finding him guilty as charged in each of the five remaining counts. The imposition of sentence was deferred to a later date.

On November 24, 1943, the petitioner, upon arraignment, entered pleas of guilty to Indictments Nos. 28 and 29. A certified copy of the order wherein the guilty plea to Indictment No. 29 is reflected is silent in relation to the matter of assistance of counsel. While the order pertaining to Indictment No. 28 was not made a part of the record, it is not denied that such order likewise was silent as to the matter of counsel. Thereafter, on November 26, 1943, the court imposed three ten year sentences of confinement in the state penitentiary upon the petitioner under Indictment No. 3, said sentences to run consecutively. He was also sentenced under Indictment No. 29 to ten years imprisonment, such sentence to begin at the expiration of the above cumulative thirty years. A further sentence of ten years was imposed under Indictment No. 28. That sentence was to run concurrently with that imposed under Indictment No. 29.

It is the contention of the petitioner in this proceeding that the last conviction and ten year sentence imposed thereon are void for the reason that when he entered a guilty plea to the charges contained in Indictments Nos. 28 and 29 he was not afforded the assistance of counsel, was not advised of his right to such assistance, and did not waive his right to the assistance of counsel.

It is the contention of the defendant that the petitioner's refusal or waiver of counsel in the proceedings under Indictment No. 3 constituted a waiver of counsel when he was arraigned under Indictments Nos. 28 and 29. This contention is wholly without merit. There can be no presumption that he had counsel or was offered or waived counsel when he entered guilty pleas to Indictments Nos. 28 and 29 merely because, a short time before, he had effectively waived counsel in another proceeding. The records of the trial court are controlling. These records, as indicated above, clearly are silent on the matter of counsel.

No question was raised as to the validity of the convictions and sentences imposed under Indictment No. 3. We are here confronted only with the proceedings under Indictments Nos. 28 and 29. Our decision in this case is controlled by the decisions of this Court in a substantial number of cases, beginning with *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, and extending to this term of court in *State ex rel. Gosnell* v. *Boles,* 149 W. Va. 550, 142 S. E. 2d 465. In these cases this Court consistently has held that the right of a defendant in a criminal proceeding to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by his failure to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel, and that his conviction in the absence of counsel, or of an affirmative showing of an intelligent waiver thereof, is void. *State ex rel. Pettery* v. *Boles,* 149 W. Va. 379, 141 S. E. 2d 80.

We adhere to the principles expressed in those cases and, inasmuch as the record in this proceeding is silent on the matter of counsel, hold that the convictions and sentences

imposed under Indictments Nos. 28 and 29 are void and of no force and effect.

The petitioner, therefore, is relieved of the ten year sentences imposed under Indictments Nos. 28 and 29, but he is remanded to the custody of the defendant to serve the remainder of the cumulative thirty years imposed under Indictment No. 3, if any portion thereof remains. Whether that sentence has been satisfied is an administrative matter to be determined, in accordance with law, by the prison authorities.

*Prisoner remanded.*