STATE *Ex Rel.* WATT WALLS

*v.*

OTTO C. BOLES, *Warden,* W. VA. PENITENTIARY

(No. 12444)

Submitted June 9, 1965.          Decided June 22, 1965.

BERRY, JUDGE, not participating.

*Harry J. Capehart, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

Upon application of the petitioner, Watt Walls, this Court granted a writ of habeas corpus returnable May 18, 1965, and appointed counsel to represent him before this Court. The verified petition alleges that petitioner was arraigned upon eleven indictments for sodomy in the Criminal Court of McDowell County in April, 1943, to which indictments he entered pleas of guilty and upon which he was sentenced to terms of one to ten years, to run consecutively, upon each of the first five indictments and to terms of one to ten years, to run concurrently with the sentence imposed under the first indictment, on each of the remaining six. The petition further alleges that petitioner was denied the assistance of counsel in that he was not offered counsel by the court and did not intelligently waive his right to same. Attached to the petition as exhibits are copies of two in-

dictments, numbered 1 and 11, and the sentencing orders upon those indictments which orders are silent upon the question of counsel.

On the return day, a continuance was granted upon motion of the respondent to June 8, 1965, at which time respondent filed his answer and the case was argued and submitted. Respondent, in his answer, admits the silence of the record as to whether petitioner was represented by counsel, advised as to his right to the assistance of counsel or intelligently waived such right. Filed with the answer as exhibits are certified copies of the trial court's orders entered on April 15, 1943, with regard to indictments Nos. 8, 9, 10, and 11, each of which, though silent upon the question of counsel, recites that, upon being set to the bar of the Court, ". . . the prisoner demurred to and moved the Court to quash the indictment herein. . .", which demurrer and motion to quash were overruled, and petitioner then entered a plea of not guilty and the case was continued. Also filed as exhibits with the return are the sentencing orders upon indictments 8, 9, 10, and 11, entered April 29, 1943, each reciting the withdrawal of the previous plea of not guilty, the entry of a guilty plea and the sentencing as hereinbefore mentioned. These orders are likewise silent upon the question of counsel.

While the use of the technical legal terms "demurrer" and "motion to quash" causes some skepticism as to whether petitioner was not assisted by counsel at the proceedings on April 15, 1943, at least with regard to indictments 8, 9, 10, and 11, the silence of the sentencing orders entered on April 29, 1943, at which time petitioner entered his pleas of guilty, upon the question of counsel and his verified assertion that he was neither represented by counsel nor intelligently waived the same being uncontradicted bring the case within the rule enunciated by this Court in a number of decisions beginning with *State ex rel. May* v. *Boles*, 149 W. Va. 155, 139 S. E. 2d 177, and recently affirmed in *State ex rel. Gosnell* v. *Boles*, 149 W. Va. 550, 142 S. E. 2d 465. The syllabus of the *Gosnell* case, quoting from *State ex rel. Pettery* v. *Boles*, 149 W. Va. 379, 141 S. E. 2d 80, is

as follows: "The right of the defendant in a criminal proceeding to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by the failure of the accused to request counsel, by the entry of a guilty plea or by reason of a record silent on the matter of counsel, and the conviction of the defendant in the absence of counsel, or of an affirmative showing of an intelligent waiver thereof, is void."

The convictions of which petitioner complains are therefore void and he is entitled to his release from confinement thereunder.

*Prisoner discharged.*