STATE *ex rel.* FRANK OWENS

*v.*

FRANK B. KING, *Warden,* MEDIUM SECURITY PRISON

(No. 12452)

Submitted May 18, 1965.          Decided June 29, 1965.

*Daniel D. Dahill,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

Frank Owens, a prisoner in the West Virginia Medium Security Prison, has presented to this Court a petition in habeas corpus by which he seeks to be released from his imprisonment. A writ was awarded and made returnable on May 18, 1965, and an attorney was appointed by the Court to represent the prisoner. The respondent filed a return and a demurrer to the petition. The matter was submitted to the Court on the pleadings, an affidavit made by the prisoner and upon briefs and oral arguments of counsel.

Frank Owens, having been represented by counsel appointed by the trial court, was convicted by a jury in the Circuit Court of Logan County on September 26, 1961, of a charge of grand larceny. During the same term of court and before sentence was imposed pursuant to the conviction of grand larceny, the prosecuting attorney presented to the trial court an information charging that the prisoner had been convicted on January 16, 1959, in the Circuit Court of Logan County upon his plea of guilty to an indictment charging grand larceny and that he had been sentenced on

February 7, 1959, to confinement in the state penitentiary, for an indeterminate period of one to ten years pursuant to the conviction upon his plea of guilty.

Being arraigned upon the information, the prisoner acknowledged in open court that he was the same person who had been previously convicted of a felony as charged in the information. The prisoner was thereupon sentenced to confinement in the state penitentiary for an indeterminate period of one to fifteen years, which sentence included one to ten years for the principal offense and an additional period of five years, pursuant to the habitual criminal statutes of this state, for the prior conviction upon a plea of guilty in 1959.

The prisoner alleges, in connection with his plea of guilty to the grand larceny indictment in 1959, that he was then an indigent person; that he was not represented by counsel; that he was financially unable to employ counsel; that he was not aware of his constitutional right to have counsel appointed by the court to represent him; and that the trial court did not inform him of his constitutional right to the assistance of counsel before the plea of guilty was entered. The trial court orders are silent in relation to the matters alleged by the prisoner; the respondent has not been able to controvert such allegations or to prove them to be untrue; and, therefore, the respondent admits that, under prior decisions of this Court and of the Supreme Court of the United States, this Court must hold that the 1959 conviction of the prisoner upon his plea of guilty is void and that the prisoner is entitled to be released from the portion of the sentence and imprisonment which is based upon such prior conviction. *State ex rel. May* v. *Boles, Warden,* 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Whytsell* v. *Boles, Warden,* 149 W. Va. 324, 141 S. E. 2d 70; *State ex rel. Kozdron* v. *Boles, Warden,* 149 W. Va. 596, 142 S. E. 2d 769; *State ex rel. Walls* v. *Boles, Warden,* 149 W. Va. 605, 142 S. E. 2d 767.

In connection with the jury trial, conviction and sentence in 1961 upon the indictment charging grand larceny, the prisoner admits that the trial court orders clearly and affirm-

atively disclose that the prisoner was represented by counsel appointed by the court. In relation to the 1961 trial, conviction and sentence, the prisoner merely alleges that he did not have effective assistance of counsel. From the prisoner's habeas corpus petition and affidavit, it appears that he conferred with his counsel on the day before the date of the trial, though he alleges that the conference on that date was only five minutes in duration. The prisoner alleges further that the attorney appointed by the trial court to represent him was not familiar with the case; that each objection made by his counsel during the trial was overruled by the court; and that a motion made by his attorney to set aside the verdict and grant him a new trial was overruled by the trial court.

We are of the opinion that the prisoner's allegations and proof are insufficient to disclose that he was denied effective assistance of counsel or that he was prejudiced in any way in this respect. On the contrary, the record indicates that the attorney was diligent and alert in seeking to preserve the prisoner's rights during the trial, following the verdict of the jury and before the imposition of sentence.

One who seeks his release from imprisonment by habeas corpus on the ground of mere ineffective assistance of counsel has the burden of proving the charge made. *Ex parte Farmer,* 123 W. Va. 304, pt. 2 syl., 14 S. E. 2d 910; *State ex rel. Clark* v. *Adams,* 144 W. Va. 771, pt. 1 syl., 111 S. E. 2d 336. To justify release from imprisonment by habeas corpus on the ground of incompetency of counsel, an extreme case must exist and it must appear that there has been more than mere inadequacy of representation by counsel. *State ex rel. Clark* v. *Adams, Warden,* 144 W. Va. 771, 776, 111 S. E. 2d 336, 339. "A defendant in a criminal case is not constitutionally guaranteed such assistance of counsel as will necessarily result in his acquittal. Counsel, of course, must diligently attempt to see that no constitutional or substantial right is denied such a defendant and that he is afforded a fair and impartial trial. It is just as clear, however, that counsel should be fair and honorable in their actions and in their representations to the court." *State ex rel. Burkhamer* v. *Adams, Warden,* 143 W. Va. 557, 573, 103 S. E. 2d 777, 787,

cert. denied 79 S. Ct. 102, 358 U. S. 869, 3 L. Ed. 2d 101; *State ex rel. Clark* v. *Adams, Warden,* 144 W. Va. 771, 777, 111 S. E. 2d 336, 340.

For reasons stated, the additional period of five years included in the sentence pursuant to the habitual criminal statutes because of the 1959 conviction is declared to be void and the prisoner is relieved from serving that portion of his sentence; but he is remanded to the custody of the Warden of the West Virginia Medium Security Prison to continue serving the sentence of one to ten years which was imposed pursuant to the 1961 conviction.

*Prisoner remanded.*