George C. GIBSON, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. C-67-80-E.

United States District Court
N. D. West Virginia.
Aug. 12, 1968.

---

5. Dodd v. Fawcett Pub. Co., 329 F.2d 82 (Tenth Cir. 1964).

Richard H. Talbott, Jr., Elkins, W. Va., for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

## MEMORANDUM

MAXWELL, Chief Judge.

On January 31, 1964, Petitioner entered a plea of guilty to a charge of forgery. On August 9, 1964, the judge of the Intermediate Court of Kanawha County imposed an indeterminate sentence of not less than one nor more than ten years which Petitioner is currently serving in the West Virginia Penitentiary at Moundsville.

Pursuant to Title 28, Section 2254, United States Code, Petitioner sought a writ of federal habeas corpus in this court which was denied and dismissed on August 15, 1967. Upon appeal, the United States Court of Appeals for the Fourth Circuit reversed and remanded the case for an evidentiary hearing to determine the voluntariness of Petitioner's guilty plea. Gibson v. Boles (4th

Cir. #11,690, April 5, 1968). Hearings were held on June 12 and July 10, 1968, on this issue and on the question of the effectiveness of Petitioner's court-appointed trial counsel.

Because a guilty plea has the effect of a conviction, Hallinger v. Davis, 146 U.S. 314, 13 S.Ct. 105, 36 L.Ed. 986 (1892), it must be made voluntarily by a defendant who has been properly advised and who understands the direct consequences of the plea.[1] The defendant must understand he no longer has a right to a jury trial, earlier errors in the proceedings are mooted unless they improperly induced the plea, and he is subject to the maximum penalty prescribed by law. Guilty pleas induced by coercion, whether by threats or promises, are void. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962).

Petitioner has alleged that his plea was induced by an agreement between his trial counsel and the prosecuting attorney to the effect that he would be sentenced to one year in jail rather than one to ten years in prison.[2] Had such a promise not been made, Petitioner asserts, he would have continued to insist he was not guilty of the offense and would have insisted upon jury trial. But because his plea was induced by the promise and because the promise was not kept, Petitioner alleges his federal constitutional rights have been violated.

If, in fact, under appropriate circumstances, this promise was made to Petitioner or Petitioner was misinformed as to the applicable sentence, and if, again under appropriate circumstances, Petitioner relied on this promise or misinformation when he made his plea, the plea of guilty is void and Petitioner is entitled to relief.[3] The factual question before this Court, therefore, is two-fold: whether there was a promise or a reasonable belief in a promise, and whether this promise or belief induced the plea. United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (E. D.N.Y.1967).

[1]. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963); Bailey v. MacDougall, 392 F.2d 155 (4th Cir. 1968); Simon v. United States, 269 F.Supp. 738 (E.D.La. 1967); United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (E.D.N.Y. 1967).

Cf. United States v. Miss Smart Frocks, Inc., 279 F.Supp. 295 (S.D.N.Y.1968), where the Court held that the voluntariness of a guilty plea is not affected by collateral matters such as a defendant's understanding of the effect of a conviction on his right to vote, his credibility as a witness, the later application of second offender laws, or qualifications to hold office. In *Miss Smart Frocks, Inc.*, the voluntariness of the defendant's plea was not affected by the Internal Revenue Code provision which precluded the defendant from denying underpayment of taxes after entering a plea of guilty to tax evasion for that year.

[2]. Chapter 61, Article 4, Section 5, West Virginia Code (Michie 1966), provides that:
If any person forge any writing, * * * to the prejudice of another's right, or utter or attempt to employ as true such forged writing, knowing it to be forged, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and be fined not exceeding five hundred dollars.

[3]. Where a promise is made to induce a plea of guilty or where a defendant enters his plea because of the promise, the plea is involuntary. Bailey v. MacDougall, 392 F.2d 155 (4th Cir. 1968).

The same is true where a defendant's plea is induced by threats to use an improperly obtained confession against him. Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S. Ct. 223, 100 L.Ed. 126 (1956).

Where a defendant relies on erroneous advice in making his plea, the plea is involuntary. However, if he did not rely on such advice, although such advice was given, the plea is not void. Kienlen v. United States, 379 F.2d 20 (10th Cir. 1967).

Petitioner testified that initially he had insisted on a not guilty plea, but that he would plead guilty if his sentence was limited to a year in jail. He stated that, at his second meeting with his attorney, the attorney told him the judge, the prosecutor and the parole board agreed to the one year sentence. He said the lawyer neither explained the charge nor showed him the indictment. His counsel did not apprise him, he claimed, of his right to a jury trial or of his right to plead not guilty. Petitioner had no further conversations with his attorney until after he entered his plea when he indicated his desire to change his plea. The attorney, Petitioner said, convinced him not to change it.

The full and complete record of the arraignment proceedings discloses that, before entering his plea, Petitioner was questioned by the judge as to whether he understood the sentence would be one to ten years, whether he entered his plea voluntarily without threats or promises, and whether he was guilty of the offense charged.[4] There is no indication in the record that any "plea bargaining" had occurred, although this alone is not conclusive as to the issue of promises allegedly made.

At Petitioner's first hearing in Elkins, the state trial judge and the assistant prosecuting attorney who handled the case against Petitioner testified that

4. The record of the arraignment proceedings, Respondent's Exhibit #1, pp. 2–5:

COURT: G. C. Gibson, I have an indictment here which charges you with the offense of forgery, more specifically with the attempt to utter as true a forged check. The check is payable to G. C. Gibson, and signed C. W. Burdette, in the amount of $63.20, and drawn upon the Kanawha Valley Bank.

Under this indictment, if you plead guilty to the charge, or are found guilty of the offense, you can be sentenced to the penitentiary of this State for a period of not less than one nor more than ten years.

Is your plea to the indictment being given of your own free will and voluntarily?

DEFENDANT: Guilty, your Honor.

COURT: Are you doing this of your own free will?

DEFENDANT: Yes, sir.

COURT: Has any promise been made to you by your lawyer, the Prosecuting Attorney, the Judge, or anyone with respect to punishment or probation in this case?

DEFENDANT: No, sir.

COURT: And you understand by pleading guilty to the indictment you waive your right to a trial by jury; but if you plead not guilty you would be entitled to a jury trial; do you understand that?

DEFENDANT: Yes.

COURT: What are the facts in the case that make you guilty of this crime, tell me what happened in the case.

DEFENDANT: Well, I don't remember exactly how it came around, when I woke up I was over in City Jail, I couldn't give you much facts on that.

COURT: What is the evidence the State has?

MR. LOUDERBACK: Your Honor, one day this defendant went to the Kroger store, and cashed a check for $46.00. The following day he came back, that check had cleared, he tendered this check for $63.20. The manager became suspicious, and asked him to come to the office, that he would call Mr. Burdette to see if the check was in fact a good check; whereupon the defendant grabbed the check, tore it up. He was held there until the police officers came and placed him in custody. Upon not one but two occasions the defendant admitted to the police officers he had in fact forged the name of George Burdette on the check, without permission.

He had worked for Mr. Burdette ten to fifteen years earlier than that, and had no authority from Mr. Burdette to sign the name to either check, particularly to this one.

COURT: Is this check in your handwriting?

DEFENDANT: Yes, sir, this one is.

COURT: Did you have permission from Burdette to sign the name to the check?

DEFENDANT: No, sir.

COURT: Did you attempt to cash it down at the Kroger store?

DEFENDANT: Yes, sir.

COURT: You are charged in the indictment with the offense of forgery; do you plead guilty or not guilty?

DEFENDANT: Guilty."

\*　　\*　　\*　　\*　　\*

no arrangement for a lesser sentence had been made with them prior to the plea. The judge further testified that, although prosecutors occasionally made recommendations to the court about punishment, such was not the normal practice in his court. If any recommendations would be made, the judge would not be bound by them. Respondent's Exhibit #A2, pp. 40–52.

Petitioner's court-appointed trial counsel testified that, when he first spoke with Petitioner, Petitioner wanted to plead guilty and indicated his desire for the lesser statutory sentence of one year in jail. At a subsequent meeting between Petitioner and his attorney, the attorney informed him it was impossible to have the charge reduced. The attorney further stated he advised Petitioner of the consequences of the plea and did not make any promises.

■ This Court finds that Petitioner has not proven by a preponderance of evidence that any promise was made to him about his sentence.[5] There is no evidence, other than Petitioner's own testimony, to indicate that anyone made any promises to him to induce his plea. There is also no evidence to indicate that he had a reasonable basis for belief that an agreement had been made. The fact alone that the offended statute allowed the trial judge discretion in sentencing is not a reasonable basis for belief that the lesser sentence would be given, especially in light of the state trial court attorney's testimony that Petitioner was advised of the consequences of his plea and the state trial judge's statement at the arraignment that the penalty would be one to ten years in the penitentiary.

Disappointed hope or expectation of leniency—so long as it is not wrongfully induced by the government—does not justify withdrawal of a guilty plea nor afford occasion for invalidating it. [Vanater v. Boles, 377 F.2d 898 (4th Cir.1967.)]

■ Since the preponderance of evidence indicates that no promise was made to Petitioner and that he had no reason to believe an agreement was made, this Court finds that Petitioner's plea was made voluntarily and was not induced by any promise or agreement.

■ Petitioner has alleged that he had ineffective assistance of counsel. If this allegation was true, doubt would be raised as to the voluntariness of a plea entered upon counsel's advice. Cf. Kienlen v. United States, 379 F.2d 20 (10th Cir.1967). However, this Court finds from the plenary hearing that Petitioner was not ineffectively assisted by counsel.

■ The effectiveness of counsel is not determined by whether counsel obtained the "best deal" for his client but whether he has performed his duties to represent his client in a way that does not shock the conscience of the court or produce a mockery of justice. United States ex rel. Feeley v. Ragen, 166 F.2d 976 (7th Cir.1948); Knowles v. Gladden, 378 F.2d 761 (9th Cir.1967); Janovic v. Eyman, 276 F.Supp. 862 (D.C.Ariz. 1967).

5. The burden of proof is upon Petitioner to establish, by the preponderance of evidence, that his plea was involuntary. Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967); Lassiter v. Turner, 279 F.Supp. 231 (E.D.N.C.1968).

Although the Fourth Circuit held in Bailey v. MacDougall, 392 F.2d 155 (4th Cir. 1968), that the State had the burden of proving harmless error where it was established that an agreement had been made, this case does not fall into the scope of the *Bailey* ruling. In *Bailey* the prosecutor had agreed in writing to recommend pardon or parole after Petitioner served ten years of his life sentence. Because it was established that an agreement had been made and because Petitioner alleged he did not understand the agreement, the court required the State to prove that any error regarding the agreement was harmless—that Petitioner in fact did understand the consequences of his plea.

In this case Petitioner has not proven by any satisfactory or convincing evidence that any agreement was made or that he had reason to believe an agreement was made. Only when Petitioner has shown the existence of error does the State have the burden of proving the error was harmless.

Petitioner's allegation appears to be based on the fact that he was disappointed in receiving the harsher sentence and on the fact that counsel said nothing in court during the arraignment and sentencing proceedings. Under the circumstances here, counsel had no obligation to speak out during such proceedings. He had spoken with Petitioner twice before the plea was entered, and there was nothing for him to add in court unless the proceedings were conducted in an irregular manner. There is no evidence in the record of any irregularities in the proceedings to which counsel should or could have objected. Counsel testified that, in addition to discussing the case and the plea with Petitioner, he conducted an independent investigation to determine whether Petitioner had committed the offense charged in the indictment and was satisfied that Petitioner here was in fact guilty.

■ A petitioner's disappointment in receiving a more severe sentence than he hoped would be imposed is not a basis for finding ineffective assistance of counsel. To find counsel ineffective in his assistance, there must be evidence that, in fact, he did not represent his client: that he did not know the facts of the client's case or the applicable law upon which he advised his client, United States v. Wight, 176 F.2d 376 (2nd Cir. 1949), cert. denied, 338 U.S. 950, 70 S. Ct. 478, 94 L.Ed. 586 (1950), or that he had no time for preparation, Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

To substantiate his allegation of ineffective assistance of counsel, Petitioner pointed out that the two transcripts of his arraignment proceedings differ as to the date of his arraignment. One records the date as January 3, 1964. The other records the date as January 31, 1964. Petitioner alleges that the first transcript is the proper one; that he did not have counsel on January 3, although he did have counsel by January 31.

This allegation contradicts Petitioner's statement at his hearing that he spoke with his counsel twice before he entered his plea. The official reporter for the Intermediate Court of Kanawha County, who recorded the proceedings, testified that the date of the first transcript was an error and that the actual date of Petitioner's arraignment was January 31, 1964. Respondent's Exhibit A2, p. 31. Petitioner's allegation in this regard is totally without basis.

For the reasons set out above, Petitioner's claimed deprivations are determined as matters of fact not to be sufficient grounds for federal habeas corpus relief. An order will be entered denying the relief sought and dismissing the petition.