**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Doyle Lee SANDERS, Defendant-Appellant.**

**No. 72–1849**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1972.

Melvyn C. Bruder, Barry P. Helft, Dallas, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion for leave to file a belated notice of appeal. Appellant was found guilty by a jury of the offenses of interstate transportation of stolen property and of selling and disposing of stolen merchandise moving in interstate commerce, in violation of 18 U.S.C. §§ 2314, 2315. A judgment of conviction was entered on June 24, 1971, and appellant's motion for new trial was overruled on July 30, 1971. Although the time for filing a notice of appeal had thus expired in August, 1971, *see* Fed.Rules Crim.Proc. 37(a), the present motion was not filed until January 6, 1972. The United States District Court for the Northern District of Texas, which had convicted appellant, nevertheless granted appellant an evidentiary hearing on his motion. The learned judge below found appellant's motion to be totally without legal or evidentiary merit and overruled it. We agree that appellant's claims are groundless, and we dismiss this appeal.

Appellant's claim in support of the instant motion is pinioned on an assertion that he was deprived of his right to appeal because he was denied the effective assistance of counsel. Appellant was represented throughout and after his

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

original trial by retained counsel, but he now claims that his attorney failed to fulfill an agreement to prosecute an appeal. The facts were determined to be otherwise at the evidentiary hearing on the instant motion. The attorney who represented him at the original trial testified unequivocally at the evidentiary hearing that appellant, with full knowledge of the consequences, deliberately chose not to appeal his conviction and so instructed his attorney. On the basis of that and much additional testimony, which we do not deem necessary to set out in further detail, the court below found that "the defendant voluntarily and intentionally and knowingly waived his right to appeal." That finding is fully supported by the record, and finding no error in the trial court's order, we will not disturb it. *See* Gann v. Smith, 5 Cir. 1971, 443 F.2d 352.

Appeal dismissed.