**Donald Dee COLLIER, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74-2474.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1975.

Norman R. Bennett, Lubbock, Tex., (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

On February 14, 1968, Donald Dee Collier was indicted for robbery by fire-

arms, four other charges related to the same robbery and an unrelated offense of burglary. On November 15, 1968, he was tried and convicted for the offense of robbery by firearms. This conviction resulted in a sentence of 20 years which was imposed December 31, 1968. Acting through his retained attorney, Collier gave notice of appeal in open court on that date. On January 8, 1969, Collier was reindicted for carrying a prohibited weapon after being convicted of a felony, with two prior convictions alleged for enhancement. This charge, without the enhancement allegations, was the same as one of the four related charges covered in the original indictment which still remained pending at this time. On January 13, 1969, Collier wrote to his attorney as follows:

> I had arraignment Monday morning for the charge of 'Assault with a prohibited weapon'. Judge Bean told me that it carries 2 to 5 years in prison, but that the D.A. had inhanced the indictment.
>
> I want that appeal dropped on the 20 year conviction for Robbery, I do not want to go through with the insanity again.
>
> I also do not want to be brought to court and trialed as a habitual criminal.
>
> I am just getting Blair Cherry [the prosecutor] [m]adder with the appeal, *drop it try and get me a concurrent conviction and on the next chair Bus to prison.* (emphasis as in letter)
>
> Get over here I want to talk deal. Also I have written twice, and I am scared as hell, so get over here real soon.

On January 28, 1969, Collier entered pleas of guilty to two of the remaining five original charges and two consecutive 5-year sentences were imposed which were to commence after the completion of his 20-year sentence for robbery by firearms.

This is the second appearance in this court of Collier's attempt to secure federal habeas corpus relief. *See* 488 F.2d 929 (5th Cir. 1974). On the prior appeal we vacated a dismissal of his first application for writ of habeas corpus and remanded the cause to the court for an evidentiary hearing on the issue of whether petitioner knowingly and intelligently waived his right to appeal.

After holding the required hearing, the district court found that Collier did knowingly and intelligently waive his right to appeal. At the proceedings on remand petitioner also urged that the prosecutor's actions in having him indicted on the more serious enhanced charges denied him due process by chilling his right to appeal. The district court held that this due process contention was not properly before it because it had not been presented to any State forum.

■ Subsequent to the decision now on appeal, the Supreme Court of the United States decided Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed. 2d 628 (1974), involving an assessment of the effect of prosecutorial actions after an appeal. Collier urges that his case is indistinguishable from Blackledge v. Perry, *supra,* and that under its command, the district court's dismissal of his application for writ of habeas corpus is due to be reversed without regard to exhaustion since the Supreme Court did not require exhaustion in that case.[1] Counsel for the State of Texas also urged this court at oral argument to proceed to the merits of this point rather than require exhaustion in the state courts. We decline to accept this joint invitation and affirm the district court's dismissal of this issue. Tooten v. Shevin, 493 F.2d 173 (5th Cir. 1974). *See also* Harris v. Estelle, 487 F.2d 1293 (5th Cir. 1974).

■ Based upon the record developed at the evidentiary hearing upon remand

---

1. The Supreme Court noted, however, that the Court of Appeals had found that "resort to the state courts would be futile, because the Supreme Court of North Carolina had consistently rejected the constitutional claims presented by Perry in his petition." 417 U.S. at 24, 94 S.Ct. at 2100, 40 L.Ed.2d at 632.

from our prior mandate, we find that the district court's determination that Collier knowingly and intelligently waived his right to appeal is not clearly erroneous and is due to be affirmed. Our review of this issue has been made without regard to any implicit or explicit conflict between the determination we affirm today and the questions raised by *Blackledge*. Since those issues were not considered by the district court, neither its opinion nor our affirmance here should be construed as intimating any view on the proper resolution of the question.

Affirmed.

Thornberry, Circuit Judge, concurred in part and dissented in part, with opinion.