JOSEPH CARRICO

*v.*

HARRY L. GRIFFITH, *Acting Warden*

*Huttonsville Correctional Center*

(No. 14169)

Decided November 25, 1980.

*Calwell, McCormick & Peyton and W. Stuart Calwell, Jr.,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey,* Deputy Attorney General, *Richard S. Glaser, Jr.,* Assistant Attorney General, for defendant in error.

CAPLAN, JUSTICE:

This is an appeal by Joseph Carrico from a final order of the Circuit Court of Wayne County wherein the appellant was denied relief in habeas corpus.

On April 2, 1971, upon a trial by jury, the appellant was convicted of the offense of forcible rape and, under the then effective statute, *W. Va. Code,* 1931, 61-2-15, as amended, the jury having recommended mercy, said appellant was sentenced to confinement in the state peniteniary for a term of ten to twenty years. No appeal was taken from that conviction.

The appellant, on January 28, 1977, filed a petition for a writ of habeas corpus alleging therein that he was

denied effective assistance of counsel and that he was not afforded a fair and impartial trial in 1971. The writ was granted, returnable to the Circuit Court of Wayne County. After a hearing, that court, on July 1, 1977, denied the relief sought. It is from the order so denying the relief that this appeal is prosecuted. We affirm.

The principal ground relied upon by the appellant is that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article 3, Section 14 of the West Virginia Constitution. Basically the appellant asserts that his trial counsel failed to properly investigate the case; that he failed to call important witnesses at the trial; and that he failed to adequately represent him at the post-trial stage of the proceedings.

Prior to 1974, this Court had not clearly defined minimum standards which constitute competent and effective assistance of counsel. In *State ex rel. Burkhamer v. Adams*, 143 W.Va. 557, 103 S.E.2d 777 (1958) the Court noted that whether or not another counsel would have pursued a different course of procedure is no test. It then said:

> A defendant in a case is not constitutionally guaranteed such assistance of counsel as will necessarily result in his acquittal. Counsel, of course, must diligently attempt to see that no constitutional or substantial right is denied such a defendant and that he is afforded a fair and impartial trial.

This was reiterated in *State ex rel. Owens v. King*, 149 W.Va. 637, 142 S.E.2d 880 (1965). Commenting further on the competent counsel issue, the Court, in *State ex rel. Robison v. Boles,* 149 W.Va. 516, 142 S.E.2d 55 (1965), quoting from *State ex rel. Clark v. Adams*, 144 W.Va. 771, 111 S.E.2d 336 (1959), said:

> To justify a writ of habeas corpus on the ground of incompetency of counsel an extreme case must exist and it must appear that there has been

much more than inadequacy of representation by counsel chosen by the defendant.

Historically, courts have held that one could not successfully complain of ineffective assistance of counsel unless his counsel's efforts were so inadequate that the trial was rendered a farce and a mockery of justice. See *Spears v. U.S.*, 250 F. Supp. 698(S.D. W.Va. 1966); *Gibson v. Boles*, 288 F. Supp. 472 (N.D. W.Va. 1968); *Channell v. Coiner*, 297 F. Supp. 1005 (N.D. W.Va. 1969); *Johnson v. Coiner*, 308 F. Supp. 1373 (S.D. W.Va. 1970); and *Plumley v. Coiner*, 361 F. Supp. 1117 (S.D. W.Va. 1973). Confronted again with the "effective assistance of counsel" issue, the Court, in *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974) rejected the "farce and mockery of justice" test and adopted a more modern standard under which the effectiveness of counsel assistance would be judged. The Court, in *Thomas*, said:

> In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel ... courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law.
>
> . . .
>
> If counsel's error, proven to have occurred, would not have changed the outcome of the case, it will be treated as harmless error.

See *Scott v. Mohn*, ____ W.Va. ____, 268 S.E.2d 117 (1980), wherein the standards for determining the effectiveness of counsel were further developed.

It has been firmly established by this Court that one who seeks release from imprisonment by habeas corpus on the ground of ineffective assistance of counsel has the burden of proving by a preponderance of evidence the charge made. *State ex rel. Owens v. King, supra*. See *State v. Thomas, supra* and *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486 (1966). Let us now look to

the facts of this case to determine whether or not the appellant successfully bore that burden.

The appellant asserts as his first ground of ineffective assistance that his trial attorney failed to adequately investigate the case. The record is not illuminating on the actual preparation by counsel prior to trial. Counsel's recollection of pre-trial investigation was vague, at best, the habeas corpus hearing having been held nearly six years after the trial of the case. The evidence at the hearing does establish that prior to the trial, counsel did not talk with the alleged victim of the crime or her male companion of the evening in question and could not recall whether or not he had interviewed the investigating officers. Counsel testified that he had conducted numerous interviews and conferences with the defendant, the defendant's father and counsel for the co-defendants in the case. He related that he used the transcripts of preliminary hearings of the codefendants to gain further information. Counsel vaguely recalled having a medical examination conducted at West Virginia University Hospital regarding the defendant's mental competency, but decided against introducing evidence received from the medical reports. He testified that prior to the trial, he had a fairly complete picture of what the defense was confronted with and that he was not surprised by any evidence introduced at trial.

The issue was briefly discussed in *Carter v. Bordenkircher*, ____ W.Va. ____, 226 S.E.2d 711 (1976), where we found:

> We do not hold that a lawyer's failure to investigate a material element in his client's defense cannot constitute ineffective assistance of counsel; in fact, as the Third Circuit said in *Moore v. United States*, 432 F. 2d 739 (1970) "... [R]epresentation involves more than the courtroom conduct of the advocate. The exercise of the utmost skill during the trial is not enough if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses or to arrange for their attendance."

However this Court takes notice that in the practice of criminal law it is not always possible for a lawyer to investigate every avenue suggested to him by his client. A lawyer must use his own skill and judgment to determine what evidence is relevant and what facts will materially aid his client in demonstrating innocence.

After a thorough examination of the trial transcript, this Court concluded that failure to introduce certain impeachment evidence did not amount to ineffective assistance since counsel could not anticipate every possible avenue of impeachment and since the evidence would not have changed the result of the trial.

The record in this case establishes that counsel failed to interview certain prosecution witnesses. The appellant did not introduce any evidence at the habeas corpus hearing tending to show what evidence would have been revealed by an independent investigation of the state's witnesses, or that such investigation would have produced evidence which would have changed the outcome of the trial. In addition, the trial transcript is not before this Court, so we cannot examine counsel's effectiveness at trial in cross-examining the state's witnesses. Upon the record in this case, we cannot conclude that counsel failed to adequately investigate the case and that this failure prejudiced the defendant and changed the outcome of the trial. As herein noted, the appellant had the burden of proof to show by a preponderance of the evidence that trial counsel was ineffective and that prejudice resulted to the accused as a result of such ineffectiveness. "This burden is on the defendant to establish his allegation . . . not as a matter of speculation but as a demonstrable reality. . ." *State ex rel. Wine v. Bordenkircher*, ___ W.Va. ___, 230 S.E.2d 747 (1976). The appellant has failed to meet this burden at the habeas corpus hearing.

The appellant further asserts that counsel was ineffective at trial in that he failed to call important witnesses. This assertion raises two issues: failure to call witnesses who would testify to the alleged victim's reputation as

to chastity; and failure to call witnesses who would testify to the alleged victim's reputation for truth and veracity.

The appellant testified at the habeas corpus hearing that prior to trial he gave counsel a list of those who would testify "that this girl was not a virgin. That she had, you know, she wasn't the type of person that you would think was a girl that was a sister of a church or something. It was a girl that was just an everyday, common girl that was out running the streets." Counsel did not interview or call as witnesses any of these men.

Prior to the enactment in 1976 of *W.Va. Code*, 1931, 61-8B-12(b)[1] the reputation of the alleged victim as to chastity before the alleged rape was admissible on the issue of consent in a prosecution for forcible rape. *State v. Franklin*, 139 W.Va. 43, 79 S.E.2d 692 (1953). Although the record of the trial is not before us, the State maintains in its brief that the appellant was adamant in his insistence that he did not rape the prosecutrix. In *State v. Franklin, supa,* the Court said in Syllabus Point 10: "In a prosecution for rape, in which the consent of the prosecutrix to the alleged act of intercourse is in issue, the reputation of the prosecutrix as to chastity prior to the alleged rape is admissible." Never, in the instant case, was the issue of consent raised by the then defendant. In that circumstance, evidence of the chastity, or lack thereof, of the prosecutrix was inadmissible. Clearly, therefore, counsel was not remiss in his duties in not introducing such evidence.

So far as testing the credibility or veracity of the prosecuting witness is concerned, counsel had ample opportunity to do so on cross-examination. To what extent

---

[1] In any prosecution under this article evidence of specific instances of the victim's sexual conduct with persons other than the defendant, opinion evidence of the victim's sexual conduct and reputation evidence of the victim's sexual conduct shall not be admissible: Provided, that such evidence shall be admissible solely for the purpose of impeaching credibility, if the victim first makes his previous sexual conduct an issue in the trial by introducing evidence with respect thereto.

that this was accomplished we cannot determine, inasmuch as the trial transcript is not before us; nor does the appellant point out any deficiency in that regard. At the habeas corpus hearing there was no showing that counsel was ineffective in failing to investigate and call witnesses to impeach the prosecutrix's credibility.

Further, alleging that his counsel was ineffective due to his failure to advise him of the full consequences of his waiver of his right to appeal, the appellant asserts that his waiver of such right was not freely and voluntarily made. Our *Constitution*, Art. 8 § 4, creates an absolute right for one convicted of a crime to apply for an appeal. *State v. Legg*, 151 W.Va. 401, 151 S.E.2d 215 (1966). A denial of that right constitutes a violation of both federal and state due process clauses and renders the conviction void. *State v. Eden*, ____ W.Va. ____, 256 S.E.2d 868 (1979); *State ex rel. Johnson v. McKenzie*, ____ W.Va. ____, 226 S.E.2d 721 (1976); *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972).

A defendant has the right to be properly advised of his right to appeal. *Nelson v. Peyton*, 415 F.2d 1154 (4th Cir. 1969), cert. denied, *Cox v. Nelson*, 397 U.S. 1007, 90 S. Ct. 1235, 25 L. Ed. 2d 420 (1970); *Willey v. Coiner*, 464 F.2d 525 (4th Cir. 1972). Once a defendant has been timely and adequately advised of his right to appeal, he may voluntarily, knowingly and understandingly waive that right. See *Collier v. Estelle*, 488 F.2d 929, appeal after remand 506 F.2d 22 (5th Cir. 1975); *U.S. v. Sanders*, 464 F.2d 1067, (5th Cir. 1972) cert. denied 409 U.S. 1045, 93 S. Ct. 545, 34 L. Ed. 2d 497 (1972); *U.S. ex rel. Bolognese v. Brierley*, 412 F.2d 193 (3rd Cir. 1969), cert. denied, *Bolognese v. Mazurkiewicz*, 397 U.S. 942, 90 S. Ct. 956, 25 L. Ed. 2d 123 (1970).

Here, in addition to the Wayne County indictment for forcible rape, the appellant had also been indicted for kidnapping and assault. These charges were pending in Cabell County. At the habeas corpus hearing, the appellant testified that he was informed by counsel that the presiding judge had talked with Cabell County "offi-

cials" and had arranged for the kidnapping and assault charges to be dropped if the appellant waived his right to appeal. Based on this information he testified that he agreed to waive his appeal. Counsel testified that he had never advised his client that the judge was involved in getting the other charges dropped, nor was the judge so involved. He further testified that he had thoroughly discussed the right of appeal with the appellant and the appellant's father. Counsel stated it was the appellant's decision not to appeal since he was relying on the possibility of parole or his father's ability to secure a promise of clemency.

The appellant's father testified that the matter of appeal was discussed by counsel, the appellant and his parents. He testified that:

Q. At some point in time the appeal was withdrawn or it was decided not to pursue it any further?

A. Yes.

Q. Do you know the reason why the appeal was dropped?

A. Why sure.

Q. What was the reason?

A. Well, he had already gotten a one 10 to 20, and going up for kidnapping, be another life sentence.

Q. Could you explain that a little bit?

A. Well, sure. If we go back to trial, we are going to lose again, and he is just going to have some time to do. That's just common — that's just good everyday common sense. If you get burnt by fire, you don't run your hand back and forth again.

Q. Did you drop the appeal because you couldn't afford to pay for the appeal?

A. Do you want my financial statement?

Q. No. I just want to know if that was the reason why you dropped the appeal?

A. No, no.

Q. Then why did you drop the appeal?

A. Because we got them other charges off of him.

An appeal was never taken. The charges pending in Cabell County were subsequently dropped.

Based upon these facts, the court found that the appellant had intelligently abandoned his right to appeal. We agree. The record reveals that the appellant fully understood that an appeal could be taken following his conviction. The issue was extensively discussed by counsel, the appellant, and the appellant's parents. The record also shows that the waiver was made in expectation that the pending charges in Cabell County would be dropped. The charges were in fact dropped.

The record does not establish any indication that the appellant was coerced into waiving his right to appeal. Nor does the record of the habeas corpus hearing establish by a preponderance of the evidence the appellant's assertion that he was not provided effective assistance of counsel with respect to the protection of his appellate rights. On the contrary, the record establishes that the appellant waived his right to appeal on the hope that the charges pending in Cabell County would be dropped. Based on this information the appellant voluntarily waived his appeal right.

Finally, the appellant contends that he was denied a fair and impartial trial. He asserts that the trial court erred in refusing a continuance, in permitting the introduction of evidence of an unrelated offense and in refusing to sequester police officers. Habeas corpus is not a substitute for appeal but will lie to test a denial of a constitutional right. The matters relied upon are fair subjects for appeal, but not habeas corpus. The matter of the refusal of a continuance could be an element in

the consideration of inadequate assistance of counsel if counsel was afforded an unreasonable time for the preparation of his case. Here, it is revealed, upon examination of the record, that counsel actually had approximately four months to prepare for trial. This is not unreasonable and the issue of continuance is without merit. See *State v. Bush*, ___ W.Va. ___, 255 S.E.2d 539 (1979). We have considered the other matters and find that they are issues which properly may be raised on appeal but not in habeas corpus.

We note that the trial transcript was not included in this proceeding as part of the record and find that it may have been of assistance in our examination of the allegations. In future claims of ineffective assistance of counsel, the trial transcript or that part of which would lend substance to the petitioner's case should be made a part of the record before this Court.

For the reasons herein stated, the judgment of the Circuit Court of Wayne County is affirmed.

*Affirmed.*