# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Henry Keith Wykle,**
**Petitioner Below, Petitioner**

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 13-0621** (Fayette County 06-C-274)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Henry Keith Wykle's appeal, filed by counsel Thomas A. Rist, arises from the Circuit Court of Fayette County, which denied petitioner post-conviction habeas corpus relief by order entered on May 16, 2013. Respondent David Ballard, Warden, by counsel Benjamin F. Yancey III, filed a response. On appeal, petitioner argues that the circuit court erred in failing to find that petitioner received ineffective assistance of counsel at his plea hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1993, petitioner was indicted on one count of first degree murder and one count of first degree sexual assault. Following a plea agreement with the State, petitioner pled guilty to first degree murder. The plea agreement provided that the State would dismiss the sexual assault charge and recommend mercy at petitioner's sentencing. At sentencing, the circuit court ordered petitioner to serve life in prison without mercy. Petitioner first filed for post-conviction habeas corpus relief in 1997, which the circuit court denied and this Court refused on appeal.

In July of 2006, petitioner filed the instant petition for habeas corpus relief and argued that certain serology evidence warranted review in light of *In re Renewed Investigation of the State Police Crime Lab., Serology Div.*, 219 W.Va. 408, 633 S.E.2d 762 (2006). Petitioner argued that he was not provided with the serology test results in his criminal proceedings below and that, had he known of these results, he would not have pled guilty to first degree murder. The circuit court denied relief and, on appeal, this Court reversed and remanded to the circuit court for an evidentiary hearing on the serology test results. In February of 2013, the circuit court held a hearing on this matter and, subsequently, denied petitioner habeas corpus relief. From this order, petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner's argument on appeal is that his trial counsel was ineffective because he did not provide the serology test results to him prior to his plea. Petitioner reiterates his argument below that, had he known of these results, he would not have pled guilty.

Upon our review of the record and the briefs on appeal, we find that the circuit court did not abuse its discretion in not finding petitioner's trial counsel to have been ineffective. In so finding, we bear in mind the following:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, "'[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence.' Syllabus, Point 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 2, *Carrico v. Griffith*, 165 W.Va. 812, 272 S.E.2d 235 (1980). Petitioner has not met his burden in showing that there would be a reasonable probability that, but for his trial counsel's alleged error in not providing the serology test results, the result of his criminal proceedings would have been different. He asserts that any criminal defendant should be provided all discovery prior to evaluating pleading guilty, but fails to discuss how this information would have changed petitioner's case. The circuit court's order reflects its thorough analysis of petitioner's same argument presented in circuit court. Having reviewed the circuit court's "Order" entered on May 16, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignment of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II